## WEATHERFORD MACHINE & FOUNDRY CO. v. POPE.

(Court of Civil Appeals of Texas. Dec. 1, 1910.)

1. APPEAL AND ERROR (§ 232*)—RESERVATION OF GROUNDS IN COURT BELOW — ASSIGNMENT OF ERROR—REASON.

If that which is assigned in the court below as error is in fact error, the appellate court is not bound by the reasons which are assigned.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 232.*]

2. NEGLIGENCE (§ 32*)—LICENSEE—DUTY.

Where a person in control of premises expressly invites another to go upon them, it is his duty to be reasonably sure that he is not inviting him into danger, and to that end he must know or use ordinary care to know that the premises are reasonably safe, therefore, where the agent of a bridge company, which is still in control of a bridge it is constructing for the county, invites persons on the bridge, and the bridge falls, such company is liable if its agent knew or could have ascertained by reasonable care the defective condition of the bridge, and the licensee is also bound to the use of reasonable care in avoiding danger.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 42–44; Dec. Dig. § 32.*]

3. BRIDGES (§ 46*)—PLEADING—REQUISITES.

In an action against a bridge company for injuries received by the plaintiff while on their bridge, such action being based on the common-law duty owed a licensee, the pleading is defective where it sets up that the bridge company, who was engaged in constructing the article for the county, breached its contract, etc.

[Ed. Note.—For other cases, see Bridges, Dec. Dig. § 46.*]

4. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS—WEIGHT OF EVIDENCE.

An instruction on the weight of evidence is reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4219–4224; Dec. Dig. § 1064.*]

5. TRIAL (§ 194*)—INSTRUCTION—WEIGHT OF EVIDENCE.

In an action against a bridge company for injuries received while on their bridge by invitation, the court charged that the injury occurred through failure of the bridge company to follow specifications, etc. Held a charge upon the weight of evidence.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 194.*]

6. BRIDGES (§ 44*)—LICENSEE ON PREMISES—CONTRIBUTORY NEGLIGENCE.

A licensee on a bridge, who was injured by its fall, is not guilty of contributory negligence where he concentrated stock around him, not for the purpose of testing the structure's strength, but to take a photograph, in accordance with the wishes of those in control, and neither is he barred if the bridge fell because of the pressure of the dump on the piers unless he knew, or by reasonable care could have known, of such danger.

[Ed. Note.—For other cases, see Bridges, Dec. Dig. § 44.*]

7. BRIDGES (§ 42*)—LICENSEE ON PREMISES—PROXIMATE CAUSE OF INJURY.

Where a licensee is injured by the falling of a bridge, and the proximate cause of its fall is the pressure from the dump pile on the piers, the one in control is nevertheless liable if by reasonable care he could have learned of such pressure and danger.

[Ed. Note.—For other cases, see Bridges, Dec. Dig. § 42.*]

Appeal from District Court, Erath County; W. J. Oxford, Judge.

Action by R. S. Pope against the Weatherford Machine & Foundry Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Lee Riddle, M. J. Thompson, and Stennis & Wilson, for appellant. Chandler & Pannill, M. F. Martin, and J. C. George, for appellee.

LEVY, J. The appellant, a corporation, contracted with the commissioners' court of Erath county to build a bridge across the Bosque river. At the time in question it was about completed, but still in control of appellant, and not received by the county, nor open, nor ready for public use. Appellant's working force had all been withdrawn from the bridge and sent elsewhere, except one James, who was left there to do certain

work, and who was in control for the purpose. Appellee, seated in his buggy drawn by two mules, along with several other people and horses, was on the bridge near the center in order that a side view photograph of the bridge with people and teams thereon might be taken. It was claimed by appellee that appellant was having the picture thus taken with people and teams on it, in furtherance of its general business of bridge building as illustrative of its work done. Just as the proper position of the persons on the bridge was arranged for the picture to be taken by the photographer below, assisted by James, the bridge collapsed because of alleged structural defects, and injured appellee, as he claims. The suit is to recover damages for the injuries sustained. It was alleged that James was the agent and foreman of appellant in charge of the bridge, and that appellee was on the bridge at the time by express invitation of James. The case was tried to a jury, and in accordance with their verdict a judgment was entered in favor of appellee.

By a number of assignments of error the appellant complains of the refusal to sustain exceptions to the petition, and of the admission of certain evidence, and of the court's charge, and other matters. If the assignment of error constitutes error, we are not bound by the proposition thereunder as affording the proper reason for error.

It appears from the testimony that the bridge was not delivered to or accepted by the county, and was not ready for public use, and was in the possession and control of appellant at the time of its collapse. It is a rule of law that when a person in control of premises expressly invites another to come upon the premises it is his duty to be reasonably sure that he is not inviting him into danger, and to that end he must know, or exercise ordinary care and prudence to know, that the premises are reasonably safe for the visit. Many cases illustrate the rule, and it is so well understood as to render it quite unnecessary to cite the authorities. Assuming, therefore, that James had authority to invite appellee on the bridge, then the liability, if any, of appellant must depend on the fact of whether the bridge was unsafe, and appellant, acting through James, was, or might have been by the exercise of ordinary care, aware of its unsafe condition from any cause at the time of the invitation. On the other hand, of course, if the appellee knew of its unsafe condition and the danger of being thereon from any cause a proper defense is presented. The doctrine is referred to for the purpose of explaining that if appellant is liable to appellee in damages in this case it is so upon the ground that it is a mere tort-feasor, and independently of the contract with the commissioners' court. The confusion and error in the case arise from the effort in the petition and charge to predicate liability against appellant in not constructing the bridge in accordance with the agreed plan and specifications adopted by the commissioners' court. Such allegations are subject to exception as immaterial, and in passing we think the petition should be amended.

In instructing the jury as to appellee's right to recover, the court charged on the weight of evidence, and this was reversible error. If the plan and specifications adopted by the commissioners' court were offered as evidence as a means of showing a safe and proper way to construct the bridge, and a failure to construct any part of the bridge according to the adopted and approved plan and specifications made it unsafe and defective, then when the court in great detail stated in what the failure consisted, and confined and required the jury to measure the negligence of inviting the appellee on the bridge by whether the particular plan and specifications adopted by the commissioners' court were followed, it became a charge upon the weight of evidence. The court charged the jury "that if appellant built the bridge under a contract with the commissioners' court, and the collapse was caused by the negligent construction of the same, and that said piers were not of the size that said defendant contracted to make and build said piers, and that the distance between the piers of said bridge was too long, and that said plan was the plan of defendant and was procured to be adopted by the commissioners' court, and that the same then and there constituted negligence," then, if appellee was not guilty of contributory negligence, he was entitled to recover. The pertinent issue for the jury to determine, under appropriate instructions, was, first, whether the bridge was unsafe, and, second, whether appellant, through its agent James, under all the testimony before them, knew, or by the use of ordinary care could have known, at the time of the invitation that it was unsafe. If so, and appellee did not assume the risk, he was entitled to recover. It is from all the evidence, and not a particular part of the evidence, that the jury should be required to determine the issues. As a fact it might be true that it was safer to build the bridge according to the agreed plan, and appellant would know that it was. At the same time, as a fact a departure from the specifications agreed upon might make the bridge safer than to follow the specifications. If it were safer to depart from the specifications, then it was not negligence to do so. There is no dispute, and cannot be, in this case, that the bridge fell. It did fall. The real question is, Did James know, or could he by ordinary care and prudence have known, at the time of the invitation that it was unsafe? Nowhere in the charge is this issue presented to the jury for finding. In the same paragraph of the charge the court authorizes the jury to relieve appellee from any risk in going on the bridge if the defective construc-

tion was not open and obvious to him "or to a person of ordinary care and prudence by the exercise of ordinary care and prudence for his safety and protection." This is noticed in order to remark that appellant's knowledge of the defect is entitled to be measured by the same rule. If the defect in the construction of the bridge was of that kind that a person of ordinary care and prudence "by the exercise of ordinary care" could not have discovered it, then appellant is not liable. In view of another trial attention is called to the remaining paragraphs of the charge as being erroneous. Appellee is precluded from a recovery on the ground of contributory negligence if he "concentrated around him on the middle of the bridge all the live stock he did for the purpose of testing the strength of the bridge, or for having his picture taken." If that was the purpose of the invitation, and directed by James, and there being no dispute about the purpose of the invitation and appellee doing as directed, then appellee would not be guilty of contributory negligence in doing so. Further, the appellee is precluded from a recovery on the ground of contributory negligence if the pressure of the dump against the piers "contributed to the fall of the bridge." He would not be. He might be held to have assumed the risk of going on the bridge if he knew that the pressure of the dump against the bridge made the bridge unsafe and dangerous for him to be upon it. Neither could appellant be relieved of liability if that was the cause, or contributing cause, of the bridge giving way, provided it was known to appellant through its agent at the time of the invitation that the bridge was unsafe because of that fact. If appellant's agent knew the bridge was unsafe from any cause it would be liable to appellee for the injury following, assuming the authority of James to invite him on the bridge, and assuming that appellee is not precluded by assumed risk.

For the error in the charge, the judgment is reversed and the cause remanded.