## MISSOURI PACIFIC R'Y CO. V. J. A. CHRISTMAN.

(Case No. 2073)

1. CHARGE OF COURT—WEIGHT OF EVIDENCE—PROVINCE OF JURY—Whether there has been evidence of incompetency, or whether there were circumstances which might be considered, in connection with such evidence, sufficient to show incompetency, are questions exclusively for the jury to determine ; and a charge which assumes the existence of such evidence and of such circumstances, violates the rule which forbids a judge to charge upon the weight of evidence.

2 SAME—ADMISSIBILITY OF EVIDENCE—PROVINCE OF COURT—It is for the court to determine the admissibility of evidence. It also has the power, on a motion for new trial, to declare whether sufficient evidence has been offered, and this power should be judiciously exercised; but a charge which, in effect, may induce

the jury to believe that in the opinion of the judge there is evidence sufficient to prove, or strongly tending to prove, a controverted fact, is objectionable.

3. Evidence—Competency or incompetency of one to perform a certain duty not dependent on race or color—The competency or incompetency of a person to perform a given duty, cannot, in the absence of some law so declaring, be made to depend on race or color; but, in each case, this must depend upon intelligence to know, and ability and disposition to perform, the duties pertaining to any given position.

4. Same—Burden of proof—Proof of facts which show the non-existence of such intelligence, ability or disposition, must be made by the party who asserts its non-existence. The law does not presume it because the person whose qualities are the subject of investigation may be of one or another race or color; nor is a jury at liberty to infer it from such fact.

Appeal from Houston. Tried below before the Hon. J. P. Stevenson, special judge.

This suit was brought by J. A. Christman, appellee, against the Missouri Pacific Railway company, appellant, in the district court of Houston county, to recover damages for personal injuries received by him whilst serving the railway company in the capacity of locomotive engineer, the plaintiff laying his damages at $20,000.

The petition alleges, in substance, that, in October 1883, the plaintiff was in the employ of the defendant, in the capacity of locomotive engineer, on the International and Great Northern Railway, which was then being controlled and operated by defendant; that, at the same time, the defendant had in its employ certain other persons serving it in the capacity of brakemen; that such persons were wholly incompetent and unfit for the duties of brakemen, and their incompetency and unfitness were well known to defendant, or might have been known to it by the exercise of due care and precaution; but that the defendant had been negligent in selecting and employing them for such duties; that plaintiff, whilst thus serving the defendant, and whilst he and the said brakemen were, in their respective capacities, operating a certain train of cars of the defendant, had one of his legs broken and received other personal injuries of a serious and permanent nature; that such injuries were caused by the gross negligence, disregard of duty, and incompetency of the brakemen (alleging acts of negligence and incompetency), and not by any default of the plaintiff; that plaintiff was, prior to his injuries, ignorant of the brakemen's incompetency, and had had no opportunity of informing himself with respect thereto.

The defendant answered by general demurrer, by a general denial, and by a special plea alleging that plaintiff's injuries were due to his own negligence in disengaging his engine and tender from the train, and in not having brakes put on to hold the latter in position and

place, being then on a down-grade, when he left it, with his locomotive and tender, to go a distance of six miles for water; and alleging that the brakemen were plaintiff's fellow-servants, and were competent and skillful brakemen.

At the time of the accident to plaintiff, he was the engineer in charge of a locomotive drawing an extra freight train on defendant's road.    Two brakemen, Robinson and Bennett, both negroes, a conductor and a fireman composed the balance of the crew.    When between Lovelady and Crockett, stations on the road, and when about six miles south of the latter place, the train was stopped for the purpose of taking on wood.    Whilst this was being done the plaintiff discovered that the water in his engine was nearly exhausted, and that it would be necessary to replenish it before proceeding further with the train.    He determined to proceed with only his engine and tender to the next station ahead, for that purpose, so notified the two brakemen, and directed them to detach the engine and tender from the balance of the train, which was immediately done.    The train was, at the time, standing on a down-grade, and, as the engine and tender moved off, the other portion of the train followed, though detached, but was stopped, after running about three hundred yards, by the two brakemen jumping on the cars and putting on the brakes.    The plaintiff consumed about fifty minutes in going to, and returning from, the water-tank at Crockett.    He had not noticed, on starting for the tank, that he was being followed by the train; and, on his return, his engine backing at a speed of about twelve miles an hour, he approached within fifty feet of the train before he discovered its proximity, when he immediately reversed his engine, and, seeing that a collision was inevitable, jumped to the ground, thereby breaking one of his legs.    The accident occurred a little after midnight.

On the trial of the cause there was a verdict in plaintiff's favor for $15,000, on which the court rendered judgment.    The defendant appealed, assigning several errors as grounds for reversal, but only three are discussed in the opinion, and they are as follows:

2. The court erred in the third paragraph of its charge to the jury, and the same is upon the weight of evidence.

7. The court erred in overruling defendant's motion for new trial, based upon the ground that there was no evidence tending to show that the defendant had not exercised due care in employing and retaining in its service the brakeman to whose negligence the plaintiff attributes his injuries.

12. The court erred in permitting counsel for plaintiff, in his closing argument to the jury, to speak of the incompetency and unfitness of

the negro race to be employed as brakemen on railroads, and especially on appellant's road, and to argue to the jury that the fact that appellant had employed negroes as brakemen on its road was, of itself, a strong circumstance to show negligence on the part of appellant in the selection of persons for such service.

From the foregoing statement and the opinion of the court, the case, it is believed, can be readily understood.

*J. M. Maxey,* for appellant, that the charge of the court was misleading, and led the jury into the inquiry as to the competency of negroes as brakemen, without any proof that the negro race, as such, is incompetent for such service, cited: Chandler *v.* Fulton, 10 Tex. 2; Bonner *v.* Wiggins, 52 Tex. 125; Hutchins *v.* Masterson, 46 Tex. 551; Cravens *v.* Wilson, 48 Tex. 324; 3 Gra. & Wat. on New Trials, 774.

That a charge which is calculated to mislead the jury by giving undue prominence to slight and immaterial circumstances, to overturn the legal presumption that the master has exercised due care in the selection of servants competent for the particular duties assigned them, is erroneous, he cited: Chandler *v.* Fulton, 10 Tex. 2; Bailey *v.* Mills, 27 Tex. 434; 1 Gra. & Wat. on New Trials, 261.

That a charge which is upon the weight of evidence, or which is stronger than is warranted by the facts, or which leads the jury to infer what the opinion of the judge upon the facts is, is erroneous, he cited: Ormond *v.* Hayes, Receiver, 60 Tex. 180; Garner *v.* McGown, 27 Tex. 490; Austin *v.* Talk, 26 Tex. 130; Blankenship *v.* Douglas, 26 Tex. 225; Andrews *v.* Marshall, 26 Tex. 212.

On the proposition, that it was error in the court to permit plaintiff's counsel, in his argument to the jury, to speak of the negro race as incompetent and unfit to be employed, as brakemen on railroads, and to argue to the jury that the fact that defendant had employed negroes as brakemen on its road, was, of itself, a strong circumstance to show negligence on the part of the defendant in selecting its servants for such duties, he cited: Rules 39–41; Willis & Bro. *v.* McNeil, 57 Tex. 474; Tex. & St. Louis R. R. Co. *v.* Jarrett, 60 Tex. 270; Hatch *v.* State, 8 Ct. App. 416; Mason *v.* State, 3 Tex. Law Rev. 188.

*D. A. Nunn,* for appellee, that there was no error in the charge, cited: T. & N. O. R'y Co. *v.* Crowder, 63 Tex. 504; I. & G. N. R'y Co. *v.* Timmermann, 61 Tex. 663; 1 Green. Ev., sec. 48, 7th ed.

That the employment, for service in operating trains on a railroad, of a person scarcely above his majority, who is illiterate and ignorant, and who belongs to a class in the community whose average intelli-

gence and moral sense is below the standard required for such service, is enough to rebut any presumption allowed by law in favor of the company that it had done its duty in making the selection, and will put the defendant on proof that the individuals employed were competent, or at least that due inquiry was made, he cited: Sherman and Redfield on Neg., sec. 90; Harper *v*. R. R. Co., 47 Mo. 567.

STAYTON, ASSOCIATE JUSTICE.—There is no controversy as to the general principles of law applicable to this case, and they need not now be discussed. The appellee was an employe of the appellant at the time he was injured, and, to entitle him to recover, it was necessary for him to establish, by sufficient evidence, the facts:

1. That his injury resulted from the negligence of an incompetent co-employe.

2. That the appellant did not exercise due care in the selection and employment of the servants, through whose negligence, it is claimed, the injury resulted, or in retaining them in its service.

The burden of proof, upon these issues, rested upon the appellee, who asserts that his injury resulted from these facts. It is claimed that the brakemen, Robinson and Bennett, were unsuitable persons for the positions in which they were placed, and that the injury resulted from their negligence. The evidence bearing on the question, whether the injury resulted from the negligence of either of these persons, is conflicting; but, if this was clearly shown to be true, the question still remains, whether there is evidence reasonably tending to show that the appellant did not exercise due care in selecting and employing them originally, or in retaining them in its service. It is shown that the brakeman, Robinson, was twenty-five years of age at the time the accident occurred through which appellee was injured.

He had been acting as brakeman during the years 1882 and 1883, and had so served on another road, whose service he quit upon his own volition. He had been in the service of the appellant about five months, as brakeman, during which time but one accident happened, and no complaint seems to have been made against him for this, or for failure of duty. He states that, when employed, inquiries were made as to his antecedents and character, and that his credentials were taken. No single act, showing his unfitness for the place, is shown, unless he be held in fault at the time the accident occurred, through which the appellee was injured. His testimony bears evidence of ordinary intelligence; and, in the light of that of the appellee, himself, of a fair knowledge of the duties of his position.

The witness, Bennett, had been employed as brakeman, from time to time, for about eight years, during which time no accident had occurred on trains on which he was employed. No complaint had ever been made of him. His conduct, it seems, is, for the first time, censured in this case. He was about twenty-four years of age.

When he was employed, inquiry was made as to his former occupation and former employers. A conductor, under whom he had served as a brakeman during the years 1881 and 1882, stated that he considered him a good and careful negro brakeman. This person had known him for about four years. The testimony of the brakeman indicates fair intelligence and knowledge of his duties as a brakeman.

The evidence of the appellee, during the short time the two brakemen were with him, points to no fact which would induce the belief that they were unsuitable persons to be employed as brakemen, save the single act of negligence, which, he claims, caused his injury. We are unable to discover any fact tending to show that the brakemen were not reasonably well qualified for the places held by them, save that they may have been negligent at the time the accident occurred, through which the appellee was injured. Nor does the record contain facts tending to show that appellant failed to exercise due care in retaining the brakemen in its employment. If no inquiry whatever had been made at the time the brakemen were originally employed, it would seem that their period of service, without some evidence of their unfitness, would justify the appellant in retaining them in its service. The evidence, standing as we have stated, the court instructed the jury as follows :

" One single act of carelessness or negligence was not sufficient, of itself, to show want of care on the part of the defendant in the employment of brakemen upon its train at the time of the accident complained of, nor is that, of itself, sufficient to show general incompetency of the brakemen; but the evidence of incompetency may show circumstances, which, taken in connection with other circumstances, may be sufficient to raise a fair inference that defendant was negligent, or did not use ordinary care, or make ordinary inquiry, as to the qualifications and fitness of such servants for the duties assigned them, and thus, by a preponderance of evidence, the presumption of their competency for the duties assigned them may be rebutted."

Among other objections to this charge, it is urged that it violates the rule which forbids a judge to charge upon the weight of evidence. This charge assumed that there was evidence of incompetency, and that there were circumstances, which, taken in connection with such evidence, might rebut the presumption of competency. Whether there

·was evidence of incompetency, or whether there were circumstances which might be considered, in connection with such evidence, sufficient to show incompetency, was for the jury, exclusively, to determine. To say that there is evidence of a fact is equivalent to saying that there is evidence sufficient to prove that fact. It is for the court to determine the admissibility of evidence, and it has the power, on a motion for new trial, to declare whether sufficient evidence has been offered, and this power should be judiciously exercised; but a charge, which, in effect, may induce the jury to believe that, in the opinion of the judge, there is evidence sufficient to prove, or strongly tending to prove, a controverted fact, is objectionable.

From the evidence in the case, and from the brief of the appellee, the inference is very strong that it was insisted in the court below that the mere fact that the brakemen were negroes was a fact to which the jury might look to determine their competency or incompetency.

We know no rule of law which sanctions such a holding. The competency or incompetency of no one, to perform a given duty, in the absence of some law so declaring, can be made to. depend on color or race'; but, in each case, this must depend upon intelligence to know, and ability and disposition to perform, the duties pertaining to any given position.

· Proof of facts which show the non-existence of such intelligence, ability or disposition must be made by the party who asserts its non-existence.

The law does not presume it because the person whose qualities may be the subject of investigation may be of one or another race or color; nor is a jury at liberty to infer it from such fact. If, however, this were not true, and the rule were, that a jury might infer that a person was an unsuitable person for brakeman from the fact that he was a negro, then such inference would have to be based on the fact that all negroes are wanting in intelligence, ability or disposition to perform, faithfully and safely, the duties of brakemen.

If this were true, the appellee would stand charged with knowledge of their unfitness, and, knowing that the brakemen on his train were negroes, would be held to have voluntarily assumed such risks as resulted from such incompetency. The invocation of such a rule would be suicidal to the appellee's case.

A new trial was asked upon the ground that the evidence was not sufficient to show that the appellant had not used due care in employing and retaining the brakemen in its service, and we are of the opinion that the court erred in refusing to grant it.

The judgement of the court below will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 29, 1886.]