**CENTRAL TRANSFER & STORAGE CO. v. WICHITA FALLS MOTOR CO. et al.**
(No. 8363.)

(Court of Civil Appeals of Texas. Dallas. May 1, 1920. Rehearing Denied June 19, 1920.)

**I. Trial ⬅⟳352(5)—Special issue held objectionable as being a combination of two distinct issues.**

In action against mortgagee for wrongful sequestration of mortgaged automobile, the submission of special issue as to whether mortgagee's agent acted in good faith and with reasonable grounds for believing that mortgagee felt itself insecure or unsafe or that it feared that the storage company in possession of the automobile would injure the automobile during pendency of suit, with directions to answer "Yes" or "No," *held* error, being an erroneous combination of two separate and distinct issues which the jury should have been permitted to pass upon separately.

**2. Chattel mortgages ⬅⟳161—Stipulation for possession in case of insecurity held valid.**

A stipulation in chattel mortgages giving mortgagee the right in case he feels unsafe or insecure in the collection of the deed to declare all the indebtedness due and take possession of the mortgaged property is valid and enforceable.

**3. Sequestration ⬅⟳21 — Chattel mortgage held to give no right to sequestration from fear of damage to property pending foreclosure.**

While mortgagee's exercise by sequestration of a right given him by his mortgage to take possession of the mortgaged property, as the right to declare all notes due and take possession of the property upon feeling unsafe or insecure from any cause, could not make him liable as for wrongful sequestration, yet, if the mortgagee had not exercised its option to declare all the notes due because it felt unsafe and insecure, before sequestration was sued out and levied, and sued out sequestration on the ground alone of fear that the holder of the mortgaged property would injure the property during the pendency of suit, the mortgagee, if such ground in fact did not exist, could not escape liability for actual damages by showing that it had reasonable grounds to fear such consequences.

Appeal from District Court, Dallas County; Marshall Thomas, Special Judge.

Suit by the Central Transfer & Storage Company, a partnership, etc., against the Wichita Falls Motor Company and another. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Morris & Williamson, of Dallas, for appellants.

Ralph P. Mathis, of Wichita Falls, and Davis, Johnson & Handley, of Dallas, for appellees.

TALBOT, J. The Central Transfer & Storage Company, a partnership composed of William E. Burns and Earl S. Burns, appellants, sued the appellees, Wichita Falls Motor Company, a corporation, and G. F. Spence to recover damages, actual and exemplary, for alleged wrongful and malicious issuance and levy of a writ of sequestration by them upon a "Wichita truck No. B. 160," alleged to be of the value of $1,000. They also sued to recover "special damages," and the facts upon which they sought to recover the several characters of damages claimed were fully set out in their petition. The appellees pleaded a general demurrer, special exceptions, and specially that on July 31, 1917, the Wichita Falls Motor Company sold to O. D. Rawlins and J. B. Merritt, of Dallas, Tex., one second-hand two-ton truck; that said parties gave notes in part payment of the purchase price of said truck, said notes being for the sum of $400, and also gave a mortgage on said truck to secure the purchase price thereof; that the mortgage was filed with county clerk of Dallas county, Tex., on August 1, 1917; that the mortgage provided in part as follows:

"The mortgagor hereby expressly agrees and covenants that on default in the payment of any one of said notes or any interest due thereon, or any sale, or any attempt to sell said goods or chattels, or any part of them, or to remove them, or any part of them from the county, or from their present location, or upon the seizure of them or any part of them, by any process of law, or if any holder of said notes shall at any time feel unsafe or insecure from any cause, then and in any of the foregoing events said mortgagees, or their assigns, agents, or representatives, are hereby authorized at their option to declare all of said notes due and to take actual possession of said property";

—that on or about September 15, 1917, and at which time the truck was in the hands of the appellees for repair, being placed there by Rawlins and Merritt, the plaintiffs came to the place of business of said defendants with Rawlins and Merritt, and said truck was sold to the appellants herein; that the appellants assumed the balance due on said truck by said Rawlins and Merritt; that at the time appellants purchased the truck there was one note due on the truck; that the notes were collected through a local bank, and inquiry was made by the local agent of the defendants if the note at the bank had been paid; that said appellants advised the appellees the note had been paid; that afterwards the appellees were advised that the note then due had not been paid on September 15, and when said appellants called for the truck on or about September 27, 1917, further inquiry was made of the appellants if said note had been paid; that the appellees refused to permit the truck to be taken out of their place of business unless said note

or notes then due were paid; that said appellants assured the appellees that the notes had not paid, and that said assurance was given before said truck was taken out of appellees' place of business; that afterwards said appellees found that said note due in September, 1917, was not paid, although the appellants had assured appellees that said note had been paid; that the October note was not paid when due; that on October 17, 1917, appellees were advised said notes due in September and October, 1917, had not been paid, and said appellees advised appellants that said notes must be paid, otherwise possession of the truck must be had by appellants; that during the month of October, 1917, said appellants were operating the truck and left said truck in Denton county on the public road and advised the defendants below, appellees here, that if they wanted said car to go after it; that in view of the fact that the notes due on said car had not been paid, although numerous promises had been made by the appellants that said notes would be paid, and in view of the fact that the truck had been left on the public highway by appellants and the security of the appellees was in danger, said appellees called on their attorneys on October 17, 1917, and were advised to sue out a writ of sequestration and levy same on the car and file suit to foreclose the mortgage lien, etc.

The case was submitted to the jury on special issues, with instructions that, if an affirmative answer was given to special issue No. 1, not to answer any other issue submitted. Special issue No. 1 is as follows:

"Did G. F. Spence, act in good faith and with reasonable grounds for believing the truth of either of the statements made, (a) that the Wichita Falls Motor Company felt itself insecure or unsafe, or (b) that it feared the Central Transfer & Storage Company would injure the property during the pendency of the suit? Answer 'Yes' or 'No.' "

To this question the jury answered "Yes," and in obedience to the instruction of the court made no other finding. On motion made judgment was entered, over the objections of the appellants, on the above finding of the jury in favor of the appellees. Appellants' motion for a new trial having been overruled, they appealed.

[1, 2] We shall not undertake to discuss seriatim the several assignments of error presented by the appellants. Our conclusion is that two propositions contended for by them are well taken and require a reversal of the case. These propositions are to the effect: (1) That special issue No. 1, quoted above and the only one determined by the jury, is an erroneous combination of two separate and distinct issues which the jury should have been permitted to pass upon

separately; (2) that it cannot be told from the jury's answer "Yes" to said special issue which of the questions therein contained they intended to or did answer and could not be made the basis of the judgment rendered thereon in appellees' favor. The first question involved in the issue is, in substance: Did G. F. Spence, the agent of appellees, in suing out the sequestration, act in good faith and with reasonable grounds for believing that the appellee Wichita Falls Motor Company felt itself insecure or unsafe with respect to its security for the payment of its debt? And the second question involved is: Did said appellee, as a basis for suing out the sequestration, fear the Central Transfer & Storage Company would injure the truck constituting the security for the payment of its debt during the pendency of the suit in which the sequestration was sued out? Under the pleadings and evidence both of these questions were questions of fact, both or either of which might have been answered in the negative. As they were submitted the jury was not given the privilege of answering one in the negative and the other in the affirmative, or vice versa. They were instructed to answer by the one word "Yes" or "No." The decisions of this state clearly affirm that a special issue of fact submitted to a jury for their determination by which the jury are instructed to answer "Yes" or "No" should submit for their consideration a single question, and should not combine two separate and distinct questions of fact, one of which might be answered in the negative and the other in the affirmative, or vice versa, by the jury. Railway Co. v. Turner, 199 S. W. 868; Tel. & Tel. Co. v. Andrews, 169 S. W. 218; Western Indemnity Co. v. MacKechnie, 214 S. W. 456. Here the issue as framed required the jury to find whether or not G. F. Spence, in suing out the writ of sequestration, had either reasonable grounds to believe that the Wichita Falls Motor Company felt itself insecure or unsafe with respect to the security it had for the payment of its debt, or feared the Central Transfer & Storage Company would injure such security during the pendency of the suit in which the sequestration was sued out. To this issue the jury, having been instructed to answer "Yes" or "No," answered "Yes." From the form of the issue and the answer it can only be said, at most, that the jury determined from the evidence that G. F. Spence, when he sued out the writ of sequestration, had reasonable grounds to believe either that the appellants felt themselves insecure or unsafe in the security they had, or that appellants feared the appellees would injure the truck constituting such security pending the litigation, but which of the facts they found to exist it is impossible to say. This being true, the finding of the jury furnishes no basis for the judgment ren-

dered upon it. That a stipulation in a mortgage giving the mortgagee the right, in case he feels unsafe or insecure in the collection of his debt, to declare all of his indebtedness due and take possession of the mortgaged property, is valid and enforceable, is well settled by adjudicated cases.

This court, in the case of Warren v. Osborne, 97 S. W. 851, cited by appellees, treating of a provision in a mortgage practically the same as the one contained in appellants' mortgage, said:

"This clause placed the power in him [the mortgagee] to declare it [the debt] due, and, the jury having found that he had reasonable grounds for feeling unsafe and insecure, and he having declared it due, judgment was properly rendered thereon."

[3] Had there been a definite finding by the jury that G. F. Spence had reasonable grounds for believing that the Wichita Falls Motor Company felt unsafe or insecure, and had declared all the notes secured by its mortgage due before the payment of the notes which became due September 15 and October 15, 1917, respectively, and before the suing out of the sequestration, then we think the court would have been authorized to declare as a matter of law arising upon such finding that appellants were not entitled to recover any damages on account of the issuance and levy of the sequestration. In such case appellee's exercise by sequestration of the right given him by his chattel mortgage to take possession of the property covered by such mortgage could not make him liable as for wrongful sequestration. Wedig v. San Antonio Ass'n, 25 Tex. Civ. App. 158, 60 S. W. 567; Nichols v. Paine, 52 Tex. Civ. App. 87, 113 S. W. 972; Brunson v. Dawson State Bank, 175 S. W. 438. If, in other words, the facts existed which authorized appellee to take possession of the mortgaged property under the terms of his mortgage, then he cannot be held liable for damages by taking such property by writ of sequestration. This is firmly established by the authorities cited. But we hold that the jury's finding under the issue submitted in this case does not show the existence of such facts and does not support the judgment rendered. Whether the appellee had exercised its option to declare all the notes secured by its mortgage due because it felt unsafe or insecure before the September and October notes were paid and the sequestration sued out and levied was a question of fact under the evidence, and not one of law.

The submission of issue No. 1 in the form it was submitted indicates to us that the trial court entertained the view that, if G. F. Spence, appellee's agent, had reasonable grounds to believe that appellee felt itself unsafe or insecure, or if it feared appellants would injure the property upon which it had a mortgage during the pendency of the suit in which the sequestration was sued out, then, in either such event, appellants were not entitled to recover either actual or exemplary damages. If this was the court's view, then we do not concur in its opinion that, if the appellee's agent had reasonable grounds to fear appellants would injure the property during the pendency of the litigation, appellants were not entitled to recover actual damages. If the ground alleged for the issuance of the sequestration, which was that appellee feared that the appellants, the Central Transfer & Storage Company, would injure the property during the pendency of the suit, was in fact untrue, then appellee could not escape liability for actual damages by showing that it had reasonable grounds to fear such consequences. Culberston v. Cabeen, 29 Tex. 247; Fred Mercer Dry Goods Co. v. Fikes, 211 S. W. 830.

Because of the error in submitting issue No. 1 in the form it was submitted and the insufficiency of the finding of the jury upon that issue to authorize and support the judgment rendered, said judgment is reversed, and cause remanded.