### EASTERN TEXAS ELECTRIC CO. v. BYRD.
### (No. 899.)

(Court of Civil Appeals of Texas. Beaumont. May 15, 1923.)

**1. Trial ⬿352(5)—Special issue held to have assumed defendant guilty of negligence.**

A special issue submitting whether defendant by the negligence of its agents and employés caused the death of plaintiff's horse, or was the proximate cause of the horse's death, alleged to have been killed on defendant's right

of way, *held* to have assumed defendant was guilty of negligence.

**2. Trial ⬿352(5)—Special issue held to have combined questions of negligence and proximate cause, which should be separately given.**

A special issue submitting whether defendant by the negligence of its agents and employés caused the death of plaintiff's horse, or was the proximate cause of the horse's death, alleged to have been killed on defendant's right of way, *held* to have submitted two special issues in one by combining the questions of negligence and proximate cause, which should have been submitted separately.

**3. Trial ⬿352(4)—Special issue held not to conform to pleadings.**

Where plaintiff, in an action for value of horses, alleged defendant negligently permitted the horses to get on its right of way and so carelessly operated its cars as to frighten the horses and run them onto a bridge where they were killed, a special issue submitting whether defendant by the negligence of its agents caused the death of plaintiff's horses, or was the proximate cause of their death, on its right of way, *held* not to conform to the pleadings in not submitting for jury's finding either of the matters alleged.

**4. Trial ⬿352(5)—Special issue held erroneous as assuming truth of questions for jury.**

In an action for value of horses alleged to have been killed by defendant on its right of way, a special issue submitting whether defendant was guilty of negligence in allowing its gates to be left open or down, thereby permitting the horses to enter on its right of way, *held* erroneous, as assuming that the horses entered through the gates, and that defendant allowed the gates to be open.

**5. Railroads ⬿446(6)—Whether horses entered through open gates held question for jury.**

In an action for value of horses killed on defendant's right of way, *held*, that the question whether they entered through gates left open, was for the jury.

Hightower, C. J., dissenting in part.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by W. C. Byrd against the Eastern Texas Electric Company. Judgment for plaintiff. From an order refusing motion for new trial, defendant appeals. Reversed and remanded.

Orgain & Carroll, of Beaumont, for appellant.

J. E. Rose, of Port Arthur, for appellee.

O'QUINN, J. Byrd sued the Eastern Texas Electric Company for damages in the sum of $315 for the value of two horses alleged to have been killed by the negligent operation of cars on its interurban railway, and for $55 for expenses incurred in having one of said horses treated. The defendant answered by general demurrer and general denial.

---

The case was tried before a jury upon special issues, upon their answers to which judgment was rendered in favor of plaintiff for $290. Motion for a new trial being overruled, defendant brings this appeal.

[1-3] The first special issue submitted was:

"Did the defendant, the Eastern Texas Electric Company, by its agents and employés, by their negligence, cause the death of the black horse, or the proximate cause of the death of the black horse, alleged to have been killed on the 7th day of May, 1919, or thereafter, on its right of way near Port Arthur, Texas?"

Appellant challenges this issue in several ways: (1) That it assumes that the defendant was guilty of negligence; (2) that it submitted two special issues combined in one, which could or might have been answered differently; (3) that it was upon the weight of the evidence; and (4) that it did not follow the pleadings and submit the negligence as alleged. The defendant seasonably filed its objections and exceptions to the charge. We think the exceptions are all well taken. The special issue assumes that the defendant was guilty of negligence. Railway v. Christman, 65 Tex. 369; Egan v. Egan (Tex. Civ. App.) 235 S. W. 659. It combined the questions of negligence and proximate cause, which should have been submitted separately. It is not always that negligence constitutes proximate cause—they may be answered differently. Railway v. Turner (Tex. Civ. App.) 199 S. W. 868; Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456. It does not conform to the pleadings, in that plaintiff alleged two different acts of negligence: (1) That defendant negligently permitted the horses to get upon the right of way of defendant; and (2) in so carelessly operating its cars as to frighten the horses and run them onto a bridge where they fell through and were killed, and the issue did not submit for the jury's finding either of the matters alleged—did not confine the jury in finding negligence to permitting the horses to get onto the right of way, or to the manner of operating its car. Gin Co. v. Measels (Tex. Civ. App.) 207 S. W. 365; Transfer & Storage Co. v. Motor Co. (Tex. Civ. App.) 222 S. W. 688.

[4, 5] What we have said disposes of the objections to special issues 2 and 3.

Special issue No. 4 was:

"Was the defendant, Eastern Texas Electric Company, guilty of negligence in allowing its gates or gaps to be left open or down, thereby permitting the said horses to enter in and upon its right of way?"

Defendant objected and excepted to this issue as assuming (1) that the horses entered through the gates; and (2) that defendant allowed the gates to be opened; and (3) that said charge was upon the weight of the evidence. These objections were well taken.

The fact that the gates were found open the next morning after the horses were killed and that the horses were upon the track in front of the car at the time they ran onto the bridge and were killed and injured are circumstances going to show that they entered at the gates and were thus enabled to go upon the right of way and track; but whether they did so was a question of fact for the jury to determine from all the facts and circumstances, and it was error for the court to assume any of the facts in question. Railway v. Christman, 65 Tex. 369.

Appellant presents numerous other propositions, some of which we think are well taken; but, as these matters may not arise upon another trial, we will not discuss them.

The judgment is reversed, and the cause remanded.

HIGHTOWER, C. J. I agree with the disposition of this cause as made by Judge O'QUINN, and approve his conclusions in full, with this exception: I am not sure that the first special issue assumed negligence on the part of appellant.