## S. H. KRESS & CO. v. JENNINGS.
### No. 2413.

Court of Civil Appeals of Texas. Beaumont.
Nov. 9, 1933.

Rehearing Denied Nov. 15, 1933.

Smith, Smith & Boyd, of Beaumont, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

COMBS, Justice.

This suit was filed in the Fifty-Eighth district court of Jefferson county, Tex., by appellee, as plaintiff, against appellant, as defendant, seeking to recover damages for injuries to his right hand and right wrist alleged to have resulted from his slipping and falling in the defendant's store on or about December 11, 1930. A trial to a jury resulted in a verdict in favor of plaintiff for $12,500. Judgment was entered thereon, from which appellant has prosecuted this appeal.

Plaintiff's suit, as made by his pleadings, is, in substance, that, on the occasion in question, he went into defendant's store to make a purchase; that, while walking along an aisle, a place provided by defendant for its customers to walk upon, he slipped and fell against a showcase, breaking the glass; that in some manner his right hand and right wrist came in contact with the broken glass, thereby cutting the ligaments, muscles, and tissues of his wrist and hand, as a result of which his hand has become deformed and paralyzed and he has lost the use thereof and is thereby permanently disabled from following his calling as a barber.

Plaintiff alleges that, at the time he entered its store, defendant had the floor in the aisles, and particularly at the place where plaintiff slipped and fell, oiled and greased so that same was oily and slippery, and that his fall and resulting injury complained of were occasioned directly and proximately by the oily and slippery condition of the floor.

Plaintiff charged the defendant with specific acts of negligence in (a) oiling and greasing said floor without exercising ordinary care to remove the excess oil and grease; (b) in failing to warn the plaintiff and other customers of the oily and slippery condition of the floor; (c) in failing to remove the excess oil and grease from the floor at the place where plaintiff fell; (d) in oiling and greasing the floor and in leaving an excess of oil and grease and in causing an excess of oil and grease to be deposited on the floor where plaintiff fell; (e) in failing to inspect the floors in order to discover excessive quantities of oil thereon.

Plaintiff's petition also contained a general allegation to the effect that defendant was guilty of negligence in failing to exercise ordinary care to keep and maintain the premises in a reasonably safe condition and to provide plaintiff and other persons entering the store with a reasonably safe place to walk.

Plaintiff's evidence tended to show that the particular place on the floor where he slipped and fell was oily and slippery; and one of his witnesses, W. H. Daye, who was employed by defendant as stock man and window dresser at the time of the accident, testified that it was the custom of defendant to oil the floors on Saturday nights, and that the substance used was a mixture of oil and water. Defendant's witnesses, on the other hand, denied that the floor was ever oiled. J. T. Eubank, manager of defendant's store, testified that the floors were maple; that once in two or three weeks, sometimes as often as once a week, a special maple floor dressing, mixed with water, was put on the floor to clean it; that this dressing was invariably put on on Saturday nights after the store closed, and that, on Monday morning, follow-

ing a treatment, sand was sprinkled over the floor and about noon of the same day the sand was swept up, leaving the floor dry and clean; that the floor was thereafter swept several times during each day wherever trash would accumulate, and that each day after closing hours the entire floor was swept. It was shown that the accident in question happened on Thursday morning, and Eubanks testified that the floor was perfectly dry and clean at that time, having been swept a number of times since the last treatment had been applied to the floor. He was corroborated on these points by one of his sales girls, Miss Hossley. Eubanks also testified positively that the floor dressing used was not an oily or greasy substance at all, but mixed readily with water, and was no more slippery on the floor than water.

■ The court submitted the case to the jury on nine special issues. Issue No. 1 inquired as to whether the plaintiff slipped and fell on the floor of defendant's store. Issues Nos. 2 and 3 were as follows:

"Special Issue No. 2. Do you find from the preponderance of the evidence that the place on defendant's floor where plaintiff fell (if he did fall) was oily and slippery?"

"Special Issue No. 3. Do you find from the preponderance of the evidence that the defendant in permitting its floor at the place where plaintiff fell (if he did fall) to be in the oily and slippery condition (if you have found it to be oily and slippery) was negligence under all the facts and circumstances in evidence before you?"

Issue No. 4 inquired as to whether plaintiff sustained injuries as a result of the fall, and issues 5, 6, and 6-A were as follows:

"Special Issue No. 5. Do you find from the preponderance of the evidence that plaintiff's fall and personal injuries, if any, resulted directly and proximately from the negligence (if any) of the defendant in permitting its floor at the place where plaintiff fell to be in such oily and slippery condition, if any?"

"Special Issue No. 6. Do you find from the preponderance of the evidence that defendant had the floor in its store oiled (if you have found that it was oiled) in such a manner at the point where plaintiff fell (if you have found that he did fall) that the said floor was not a reasonably safe place for defendant's customers to walk upon?"

"Special Issue No. 6-A. Do you find from the preponderance of the evidence that the act, if any, of the defendant in having its floor oiled at the point where plaintiff fell, in such manner that said floor was not a reasonably safe place for its customers to walk upon, was negligence?"

Issue No. 7 submitted the issue of proximate cause, and issue No. 8 the amount of damages.

We think the issues pertaining to the defendant's negligence, as framed, are clearly on the weight of the evidence. The questions of whether the defendant had oiled its floors or whether, having oiled the floors, it negligently permitted an excess of oil to remain thereon, were strongly controverted issues. They go to the very foundation of the case, as pleaded by the plaintiff. Yet these matters are nowhere submitted to the jury for findings thereon. Instead, issues Nos. 3 and 5 assume that the defendant permitted its floor, at the place where the plaintiff fell, to be in an oily and slippery condition, and issue No. 6 assumes that defendant had the floor in its store oiled. We think the manner in which the issues were submitted constitutes reversible error. Eastern Texas Electric Co. v. Byrd (Tex. Civ. App.) 252 S. W. 870; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873; Hines v. Thornton (Tex. Civ. App.) 251 S. W. 523.

■ We think special issue No. 6 is subject to the further objection urged by appellant that it submits a general issue of negligence rather than the particular matters of negligence alleged in plaintiff's petition. It is true the plaintiff alleged in his petition that defendant was negligent in not maintaining its premises, and particularly that portion where he slipped and fell, in a reasonably safe condition. But he pleaded particularly the specific acts of negligence, such as the oiling of the floor and the failure to remove the excess oil, etc., which rendered the premises unsafe.

■ It has been repeatedly held that general allegations of negligence will be limited and controlled by allegations of specific acts of negligence which are alleged to have caused the particular accident on account of which damages are sought. Ebersole v. Sapp (Tex. Com. App.) 208 S. W. 156; Bateman v. Cleghorn (Tex. Civ. App.) 266 S. W. 422; Johnson v. Galveston, H. & N. Ry. Co., 27 Tex. Civ. App. 616, 66 S. W. 906. Only the specific acts of negligence alleged and raised by the evidence should have been submitted. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Guitar v. Wheeler (Tex. Civ. App.) 36 S.W.(2d) 325; Panhandle & S. F. Ry. Co. v. Miller (Tex. Civ. App.) 44 S.W.(2d) 790.

■ Appellant assigns as error the action of the trial court in permitting Dr. I. T. Young, a witness for plaintiff, to testify, with reference to the extent of plaintiff's injury, that, when he first examined it, which was some sixty days after the accident, "it appeared that the larger blood vessel had been severed." Appellant contends that the evidence is inadmissible for the reason that the examination was made so long after the injury that the witness could not have known whether the blood vessel had been severed or not.

This contention is overruled. The witness had qualified as an expert, and it was permissible for him to give his opinion, based on his examination, that the blood vessel had been severed. The fact that he had made the examination some time after the injury affects the weight rather than the admissibility of his testimony.

Appellant assigns several other grounds of error, but, since the errors already discussed make necessary a reversal of this case, it would serve no good purpose to discuss the questions raised by the other assignments, since they may not arise on another trial.

For the errors discussed, the case is reversed and remanded for a new trial.