## CITY OF DALLAS v. E. M. WEBB.

### Decided October 28, 1899.

**1. Pleading—Harmless Error.**

In an action against a city for personal injuries caused by a defectively constructed grating in the street, an allegation that the grating was a "death-trap" was improper, but the action of the court in overruling a special exception thereto was not reversible error where there was no complaint of the verdict as being excessive.

**2. City—Liability for Negligent Street Construction.**

A city is liable for damages resulting from the negligent construction of a grating in the street, part of its drainage and sewer system, although such a system was authorized by its charter.

**3. Same—Right of Pedestrian to Any Part of Street.**

Where plaintiff was injured by stepping into a negligently constructed grating out in the street, it was no defense that it was away from the usual street crossings provided there, as pedestrians have the right to use any part of the street.

**4. Same—Contributory Negligence Not Shown.**

Where plaintiff was injured by stepping upon an improperly constructed grating in the street, away from the street crossing, and the evidence did not show that the street was lighted well enough for her to have seen the dangerous condition of the grating, a verdict for plaintiff, finding specially that the city was negligent, will not be disturbed because of contributory negligence, though it was not shown that plaintiff looked before stepping upon the grate.

APPEAL from Dallas. Tried below before Hon. W. J. J. SMITH.

*Wm. P. Ellison* and *T. A. Work,* for appellant.

*R. C. Porter* and *Cohron & Spellman,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—On April 20, 1898, plaintiff filed her original petition against the city of Dallas for damages in the sum of $5200; her cause of action being and alleging that she is a feme sole, and the defendant a municipal corporation. That on the 26th day of February the defendant was exercising the authority and control of Elm Street, a public thoroughfare in the city of Dallas, Texas; that said street was constructed and laid out by the city of Dallas, the defendant; that it wrongfully and negligently constructed an iron grate on the south side of said street between Preston and Pearl streets, and which said grate was located over a drain pipe in said city, and was so negligently constructed that it was dangerous to human life, in that it was about six or eight feet long, and consisted of bars of iron located four inches apart; that the space between said bars was of sufficient size to admit the foot of a woman to pass through the same; all of which was constructed by the city of Dallas, and the said defendant was cognizant of its dangerous condition, and which said condition had remained and had existed for more than twelve months prior to the filing of this suit; that the plaintiff was walking in said city and passing from the curb on one side of Elm Street to the other, about 9 o'clock at night,

and knowing nothing of its dangerous condition, stepped on said street and grating and that her foot passed through the opening of said grate, and her limb passed through same for about eighteen inches; that her whole weight was thrown upon plaintiff's limb, which was torn and lacerated, and from which she has ever since been in bed suffering the most excruciating pain of mind and body, and that since said time she has been unable to discharge any duties whatever, subject to much expense for a physician and medicine, and that plaintiff is permanently injured, her limb disfigured, and is disagreeable and revolting to the plaintiff; that it has impaired her health and seriously affected the plaintiff for the rest of her life, all of which she has sustained by the gross negligence of the defendant in maintaining said dangerous grate within the limits and upon the street of said city; and plaintiff sues for damages and loss of time from work, $100; medical services and attention, $100; physical pain and mental anguish, $5000. The said street was one of the most public streets in the city of Dallas, much used by the public, and under the daily observation of the defendant and unobstructed view of the officers of said city, and they had actual notice of the dangerous condition of the said street prior to the happening of this injury to the plaintiff, and that by the exercise of reasonable care the defendant could have ascertained the dangerous condition of the street, but has willfully neglected the same and has allowed it to remain in said dangerous condition. That the plaintiff gave notice of suit within ninety days to the mayor of said city, wherefore plaintiff prays for the damages hereinbefore mentioned.

Defendant answered as follows:

1. Defendant demurred generally and specially to said petition, upon the grounds that the city had constructed the said drain within its discretion, and that same was constructed as part of the drainage system of the said city.

2. Defendant pleaded specially that the same was necessary as a part of the drainage system of the said city, for the purpose of carrying off the storm and surface water of said city, and negligence upon the part of the plaintiff in not looking before she stepped, and in attempting to cross the street not at a regular crossing.

3. Plaintiff demurred to said answer of the defendant, all of which demurrers were overruled by the court, and upon March 3, 1899, the cause was submitted to the jury upon the merits by special issues, and upon the verdict of the jury the court rendered judgment against the defendant for the sum of $1200, from which judgment the defendant appealed.

*Conclusions of Fact.*—On the 26th day of February, the plaintiff, E. M. Webb, a citizen of Dallas County, while walking along the south side of Elm Street in said city, undertook to pass from the south side of Elm Street to the north side, and in so doing stepped off the curbing or sidewalk and into the edge of Elm Street, and in so doing she stepped into a

grating or catch-basin placed there by the city for the purpose of carrying off the drainage of said street. This grating had openings or meshes through which the water passed, and which was thence conveyed to a sewer of the city. The meshes or openings in this grating were so large that plaintiff's foot passed through, whereby she received serious injuries to her limb and sustained damage to the amount found by the jury. The injury took place at about the hour of 9 o'clock p. m., and at the time the street was not sufficiently lighted for the plaintiff to have discovered the danger by the use of ordinary care.

· The city of Dallas is a municipal corporation and has control over its streets. The jury in answer to special issues submitted by the trial court found the following facts to be true, which we also find as facts:

1. That the iron grating placed over the catch-basin on Elm Street was dangerous and unsafe.

2. That the defendant, city of Dallas, knew prior to the time of plaintiff's injury that that part of said Elm Street was dangerous and unsafe for the travel of the public.

3. That the city of Dallas, with the exercise of ordinary care, could have known that that part of said Elm Street was dangerous and unsafe for the travel of the public.

4. That the plaintiff was injured as complained of by her.

5. That the defendant city, in constructing and maintaining the iron grating, did not exercise ordinary care in constructing and maintaining the said grating so as to render it reasonably safe for the travel of the public.

6. That the negligence of the defendant to exercise ordinary care in constructing and maintaining said grate was the proximate cause of the injury to the plaintiff as complained of by her.

7. That the plaintiff, E. M. Webb, at the time she was injured, and prior thereto, was exercising ordinary care for her own safety.

8. That the necessary sum of money to compensate plaintiff for actual damages, by reason of the injuries, together with the medical services and the loss of time, is in the sum of $1200.

Appellant's first assignment of error complains of the action of the court in overruling its special exception to that part of plaintiff's petition in which it is alleged that the iron grating on Elm Street, in the city of Dallas, where the injury occurred, was a "death-trap," because said allegation was scandalous and designed to prejudice the minds of the jury.

We think the statement in the pleading was improper, and it would have been proper for the court to have sustained a special exception thereto. But the failure of the court to do so we do not think is reversible error. The record does not show that the jury was influenced thereby, or that the appellant was injured by the ruling. The verdict is not complained of as being excessive.

The second assignment of error complains of the action of the court

in overruling its second special exceptions. Appellant's contention under this assignment is as follows: "A city is not guilty of negligence in maintaining in a street, at a place other than a crossing, such structures as are authorized by law and as are usually found in such places. A sidewalk is primarily designed for the use of pedestrians, and streets for the use of horses and vehicles. A pedestrian who crosses a street at a place other than a crossing, and without necessity, does so at his peril, in so far as he is injured by such structures in the street as are lawfully placed there in the exercise of the discretion lodged in the city council."

The first part of this contention does not fairly arise under the facts of this case as shown by the record. The plaintiff did not seek to make the city liable for not exercising proper care in adopting a drainage system.

The petition specifically charged that the city was negligent in the construction and maintenance of the iron grating in Elm Street. There is a distinction as to the liability of a city for failing to properly exercise its legislative duties, and in negligently performing its ministerial duties. 2 Dill. Mun. Corp., sec. 1046.

The law is stated by Mr. Justice Gray in the case of Johnson v. District of Columbia, 118 U. S. 19, as follows: "The duties of the municipal authorities, in adopting a general plan of drainage, and determining when and where sewers shall be built, of what size and at what level, are of a quasi judicial nature, involving the exercise of deliberate judgment and large discretion, and depending upon considerations affecting the public health and general convenience throughout an extensive territory; and the exercise of such judgment and discretion, in the selection and adoption of a general plan or system of drainage, is not subject to revision by a court or jury in a private action for not sufficiently draining a particular lot of land. But the construction and repair of sewers, according to the general plan so adopted, are simply ministerial duties; and for any negligence in so constructing a sewer, or keeping it in repair, the municipality which has constructed and owns the sewer may be sued by a person whose property is thereby injured." It is not the law that a municipal corporation may not be held liable for damages resulting from the negligent construction of a public improvement, although such improvement may be authorized by its charter. 2 Dill. Mun. Corp., sec. 1048. The court did not err in overruling the exception.

Appellant groups its third, fourth, and fifth assignments of error, in which it complains of the refusal of certain special charges requested by it, and presents the following proposition: "A municipal corporation is not liable for injuries accruing to a pedestrian who steps off the sidewalk at a place other than a crossing, and is injured by the presence in the street of any structure placed there by the city council in pursuance of the charter powers, and which, in the discretion of the city council, is necessary or proper in order to execute such powers."

As already stated, the petition alleged the *negligent construction* of

the grating, and the jury found that the iron grating was dangerous and unsafe. But the contention is made that the accident happened when the plaintiff was about to cross the street from the sidewalk on one side to the sidewalk on the other at a place other than a street crossing, and that inasmuch as the city had provided safe and convenient crossings at suitable distances, and as there was such a crossing a short distance from where plaintiff attempted to cross, the city was not liable. This same contention was made in the case of Raymond v. City of Lowell, 6 Cushing, 530, and the court in discussing it uses the following language: "There is no law or principle of law, or of reason, which confines foot-passengers to particular crossings. Such a restriction would be very inconvenient and annoying. The street should be kept in such condition that foot-passengers may be able to cross, with a reasonable degree of safety, using proper care themselves, at any and all times."

It is the duty of the municipal authorities having control of its streets to keep the entire street and sidewalks in reasonably safe condition for use. Jones on Neg. of Mun. Corp., sec. 77; Raymond v. City of Lowell, supra; Fort Worth v. Johnson, 19 S. W. Rep., 361.

The issue as to whether the city was negligent in its duty in this respect was submitted to a jury in this case under a proper instruction, and the jury found that the city did not use or exercise ordinary care in constructing and maintaining the iron grating so as to render the street reasonably safe for travel. It was the province of the jury to determine this issue. 2 Dill. Mun. Corp., sec. 1016.

Appellant, under its sixth assignment of error, presents the following proposition: "Where a pedestrian steps off a sidewalk at night, at a place other than a crossing or corner, and without necessity, it is his duty to look; and if there is sufficient light at the place to enable him to see obstructions in the street, the presence of which it is reasonable to anticipate, and the pedestrian does not look and is injured in consequence, he is guilty of contributory negligence as a matter of law."

The accident occurred about 9 o'clock at night. It was dark, and although the city maintained an electric light near the place of the accident, the evidence shows that it was not burning at that time. The evidence was not clear as to whether plaintiff looked before stepping off, or whether there was light enough for her to have seen the danger had she looked. The jury found that plaintiff was exercising ordinary care for her own safety when she was injured. In this condition of the record we overrule the above proposition.

We have carefully examined the remaining assignments of error presented by appellant's attorneys in their brief, and, notwithstanding the able counsel have shown great research in their presentation, we fail to find any ground for reversing the judgment. We therefore overrule the remaining assignments of error.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

Writ of error refused.