## INTERSTATE CASUALTY CO. OF BIRMINGHAM v. HOGAN. (No. 691.)

(Court of Civil Appeals of Texas. Beaumont. May 10, 1921.)

1. Carriers ⟷322—Finding as to collision with bus held to necessarily involve finding truck driver's negligence not sole cause of accident.

In action for injuries to jitney bus passenger sustained in collision with a truck, a finding that the driver of the jitney was negligent and that such negligence was the proximate cause of the accident necessarily involved the finding that the negligence of the driver of the truck was not the sole cause of the injury.

2. Trial ⟷352(1)—Special issues should not be framed so as to trap jury into making conflicting answers.

On a submission of special issues, questions should not be so framed as to become traps for the jury, and thereby lead them into giving conflicting answers.

3. Municipal corporations ⟷703(1)—Jitney bus operator's testimony that car in which injured plaintiff was riding was under protection of defendants' bond held admissible.

In jitney bus passenger's action on jitney line operator's indemnity bond, operator's testimony that the car in which plaintiff was riding at the time of the accident and in which she was injured was under the protection of defendants' bond held admissible.

4. Trial ⟷350(6)—Refusal to submit issue as to evidentiary fact proper.

In jitney bus passenger's action on operator's indemnity bond for injuries sustained in collision, refusal to submit issue as to the motor number of car in which she was injured held proper; such fact being merely an evidentiary fact.

5. Damages ⟷101—Plaintiff in personal injury action entitled to recover only reasonable cost of medical bill, etc.

In a personal injury action, the plaintiff was entitled to recover only the reasonable cost of her medical bill, etc., and the pleadings should be so framed as to show that the items thus involved were reasonable, and the charge of the court should so limit the recovery.

6. Carriers ⟷314(7)—Petition held to show negligence was proximate cause of injury.

In action for injuries to jitney bus passenger in collision with truck, petition pleading negligence and plaintiff's injury therefrom held sufficient, as against general demurrer to show that the negligence was the proximate cause.

7. Pleading ⟷34(3)—Reasonable intendments indulged in favor of pleading on general demurrer.

As against a general demurrer, all reasonable intendments are indulged in favor of the pleading.

8. Trial ⟷352(1)—Special issue held objectionable as on weight of testimony.

In jitney bus passenger's action for injuries sustained in collision with a truck, special issue submitting whether jitney car driver was negligent in driving the car down an incline in such a manner as to collide with a truck, in operating the car at a dangerous rate of speed, in attempting to pass the truck while operating at such dangerous rate of speed, or in turning the car to the left immediately in front of the truck, if it was so turned, held objectionable as on the weight of the testimony.

9. Trial ⟷352(5)—Special issue held multifarious.

In an action for injuries to jitney car passenger sustained in a collision with a truck, special issue submitting whether jitney car driver was negligent in driving the car down an incline in such a manner as to collide with a truck, in operating the car at a dangerous rate of speed, in attempting to pass the truck while operating at a dangerous rate of speed, or in turning the car to the left immediately in front of the truck, if it was so turned, held multifarious in violation of Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a.

10. Trial ⟷352(4)—Special issue held erroneous in submitting acts of negligence as alternative grounds of recovery.

In jitney bus passenger's action for injuries sustained in collision with a truck, special issue submitting whether jitney car driver was negligent in driving the car down an incline in such a manner as to collide with the truck, in operating the car at a dangerous rate of speed, in attempting to pass the truck while operating at a dangerous rate of speed, or in turning the car to the left immediately in front of the truck, if it was so turned, held reversible error in submitting alternative grounds of recovery, whereas plaintiff alleged such negligent acts of the driver, not as separate acts of negligence, but as acts all of which concurring constituted negligence.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by Frances Hogan against the Interstate Casualty Company of Birmingham and W. E. Brown. Judgment for plaintiff, and defendant Company appeals. Reversed and remanded.

Vinson, Elkins & Wood, A. C. Wood and W. A. Parish, all of Houston, for appellant.

N. C. Abbott and H. W. Freeman, both of Houston, for appellee.

WALKER, J. Miss Frances Hogan recovered judgment in this case against E. W. Brown as the operator of a jitney line in Houston, and against the appellant on a bond of indemnity, executed under the provisions of an ordinance of the city of Houston, regulating the jitney service. No point is made against the validity of the bond, Miss Hogan's right to sue thereon, nor that the negligence of Brown constituted a cause of action against appellant, provided the car in which Miss Hogan was a passenger at the time of her injury was covered by the policy on which she predicates her cause of action.

---

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In view of the fact that we are reversing this cause for errors in the court's charge, we shall not discuss the weight of the testimony on the question just suggested, nor on the answers of the jury to other issues submitted to them. It is sufficient to say that these fact issues were raised by the testimony, and it was the duty of the court to submit them to the jury. By thus holding, we are not intimating that the testimony is sufficient to sustain the findings of the jury on these issues. All that we are holding is that it was the duty of the court to submit them to the jury.

[1, 2] The finding of the jury that the driver of the jitney was negligent, and that such negligence was the proximate cause of the accident, necessarily involved a finding that the negligence of the driver of the truck, with which the jitney collided, was not the sole cause of Miss Hogan's injury. Grundy v. Greene, 207 S. W. 964; Eastern Texas Electric Co. v. Hunsucker, 230 S. W. 817; Eastern Texas Electric Co. v. Woods, 230 S. W. 498; McAdoo v. McClure, 232 S. W. 348; Railway Co. v. Cook, 214 S. W. 539. (The last four cited cases are from this court, the first three not yet officially reported.) On a submission under special issues, the questions should not be so framed as to become traps for the jury, and thereby lead them into conflicting answers.

[3, 4] No error was committed by the court in permitting Brown to testify that the car in which Miss Hogan was riding at the time of the accident in which she was injured was under the protection of appellant's bond. The issue requested by appellant as to the motor number of this car was on an evidentiary fact, and was properly refused.

[5] Plaintiff was entitled to recover only the reasonable cost of her medical bill, etc. The pleadings should be so framed as to show that the items thus involved are reasonable, and the charge of the court should so limit the recovery.

[6, 7] Plaintiff's petition is not subject to the criticism that she does not plead that the alleged acts of negligence were the proximate cause of her injury. She sufficiently pleads the negligence, and says that she was injured thereby. This allegation was not excepted to, and as against a general demurrer all reasonable intendments are indulged in favor of the pleading.

[8] Special issue No. 1 submitted to the jury was as follows:

"Was or was not the driver of the jitney car belonging to the defendant E. W. Brown at the time of said collision, negligent either in operating or driving said car down or on said incline in such a manner as to collide with said truck, in operating said car at a high and dangerous rate of speed, in attempting to pass said truck while operating at a high and dangerous rate of speed, or in turning said car to the left and immediately in front of said truck if it was so turned? Answer 'He was.' or 'He was not,' as you find the fact to be."

We think this issue was subject to the following objections:

(1) It was a charge on the weight of the testimony, in that it assumes: (a) That the driver was operating or driving the car down or on an incline in such a manner as to collide with the truck, thus leaving to the jury only the issue as to whether such act was negligence; (b) that the driver was operating the car at a high and dangerous rate of speed, leaving to the jury only the issue as to whether such act was negligence; (c) that the driver attempted to pass the truck while operating at a high and dangerous rate of speed, thus leaving to the jury only the issue as to whether that act was negligence. The facts thus assumed by the court were bitterly contested by appellant. Under the following authorities: Railway Co. v. Hartnett, 48 S. W. 773; Railway Co. v. Turner, 182 S. W. 357; Brewster v. City of Forney, 196 S. W. 636; Hines v. Mills, 218 S. W. 777; Harrell v. Railway Co. (Com. App.) 222 S. W. 221; Davis v. Southern Ry. Co., 147 N. C. 68, 60 S. E. 722—this charge must be condemned as being on the weight of the evidence. Appellee would sustain this charge under Smith v. Smith, 213 S. W. 273; Railway Co. v. Stalcup, 167 S. W. 279–285; Railway Co. v. Webb, 178 S. W. 728; Railway Co. v. Lehmberg, 75 Tex. 61, 12 S. W. 838; Railway Co. v. Parks, 73 S. W. 439; Railway Co. v. Shapard, 54 Tex. Civ. App. 596, 118 S. W. 596; So. Traction Co. v. Rogan, 199 S. W. 1135; O'Farrell v. O'Farrell, 56 Tex. Civ. App. 51, 119 S. W. 899. Under the most liberal construction of what was held by the courts in these cases, we do not believe this charge can be sustained.

[9] (2) As we analyze this issue No. 1, it, in effect, submitted to the jury the following issues on the questions of negligence:

(a) "Was or was not the driver of the jitney car belonging to the defendant E. W. Brown at the time of the collision negligent either in operating or driving said car down on said incline in such a manner as to collide with said truck?"

(b) "Was or was not the driver of the jitney belonging to the defendant E. W. Brown at the time of said collision negligent in operating said car at a high and dangerous rate of speed?"

(c) "Was or was not the driver of the jitney car belonging to the defendant E. W. Brown at the time of said collision negligent in attempting to pass said truck while operating it at a high and dangerous rate of speed?"

(d) "Was or was not the driver of the jitney car belonging to the defendant E. W. Brown at the time of said collision negligent in turning said car to the left, and immediately in front of said truck, if it was so turned?"

We sustain appellant's assignment that this charge is multifarious, and, as raised by

the pleadings, these issues should have been separately submitted to the jury so as to inform the defendant, by the answers thus returned, wherein it was negligent. Rev. Statutes of Texas 1911, art. 1984a as added by Acts 1913, c. 59 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a); S. W. Tel. & Tel. Co. v. Andrews, 169 S. W. 218; Dallas Hotel Co. v. Fox, 196 S. W. 647; Railway Co. v. Turner, 199 S. W. 868; Schaff v. Scoggin, 202 S. W. 758; Lewis v. Bank, 204 S. W. 888; Jamison Gin Co. v. Measels, 207 S. W. 365; Railway Co. v. Bomar, 207 S. W. 570; Indemnity Co. v. MacKechnie, 214 S. W. 456; K. & L. of Security v. Shepherd, 221 S. W. 696; Radford Gro. Co. v. Jamison, 221 S. W. 998; Transfer Co. v. Motor Co., 222 S. W. 688; Lee v. Railway Co., 101 Wis. 352, 77 N. W. 714.

[10] (3) It is contended by appellant, and conceded by appellee, that she did not base her recovery on these separate acts of negligence, as submitted to the jury, but that all the acts pleaded by her, concurring, constituted the negligence of Brown. Appellee says that she "did not base her cause of action on several different grounds of negligence, but her theory is that there were several acts which combined were the evidence of the negligence" (appellee's counter proposition under appellant's seventh assignment of error). And in her written argument on this point she says:

"Plaintiff's petition clearly shows that the allegations as to speed and attempt of Brown to overtake the truck on its right side were made more for the purpose of showing the effect of the turning of the jitney to the left and in front of the truck than as affording an independent ground of recovery. This is admitted by appellant; in fact, it is made the basis of its second assignment of error. The speeding, the attempt to pass the truck while running at a high rate of speed, and the turning of the wheel to the left were all part of and constituting the single distinct issue of negligence in operating the jitney car down the incline in the manner in which it was operated, resulting in injury to plaintiff. These different phases of the single issue are not divisible, are not separate and distinct issues; in a word, are not ultimate issues, but merely evidentiary facts, and, under the statutes and authorities, could not have been submitted separately."

We believe appellee has correctly analyzed her petition. On this analysis the court committed reversible error in submitting to the jury these alternative grounds of recovery. This question did not submit to the jury the issue of negligence as the ultimate result of concurring causes, but submitted four separate grounds each as an independent basis for this finding. As far as a finding on that issue is concerned, these questions were as distinct as if submitted as separate issues, and appellee condemns her charge when she

advances the proposition that they "could not have been submitted separately." They were submitted as separate issues, and on this ground we have condemned this charge as being multifarious. It follows then that the court has submitted as grounds for recovery issues not raised by the pleadings. As we understand the rule, this is always reversible error.

We have examined all of appellee's assignments of error, and, except as stated above, they are overruled.

For the errors discussed, this cause is reversed, and remanded for a new trial.