**ESTEP v. BRATTON et al.　(No. 299.)\***

Court of Civil Appeals of Texas. Eastland. Sept. 16, 1927.

Rehearing Denied.

**1. Trial ⬦⟩352(5)—In action for injuries from falling into ditch, issue submitted held misleading and erroneous as assuming facts in issue relative to guards and warnings.**

In action for injuries from falling into ditch across street, submission of issue, "Was the defendant negligent * * * in maintaining and excavating the ditch across South Fourth street, * * * as alleged, without erecting and maintaining sufficient guard rails and signal lights and crossings, * * *" *held* misleading and erroneous in assuming facts in issue.

**2. Trial ⬦⟩352(4, 5)—In action for injuries from falling into ditch, issue submitted held erroneous as assuming facts and submitting matters alleged but not supported by testimony.**

In action for injuries from falling into ditch, issue submitted, "Were the acts and conduct of defendant in excavating * * * and maintaining the ditch * * * in the manner complained of by plaintiffs herein the proximate cause of the injuries, if any, * * *" *held* erroneous as assuming facts in issue and as submitting matters alleged as to which there was no testimony.

**3. Trial ⬦⟩352(5)—Issue in action for injuries from falling into ditch held duplicitous, upon weight of evidence (Rev. St. 1925, art. 2189).**

In action for injuries from falling into ditch, issue submitted, "Did the defendant place and maintain barriers and guard rails and red lights the particular night when plaintiff fell into the excavation complained about, at reasonable intervals along said ditch, * * *" *held* duplicitous, upon the weight of the evidence, and erroneous under Rev. St. 1925, art. 2189.

**4. Trial ⬦⟩352(1)—Issue whether defendant excavating ditch complied with provisions of ordinances "as set out in plaintiffs' pleadings" held erroneous as based on erroneous construction of ordinance.**

In action for injuries from falling into ditch, issue submitted, "Did the defendant comply with the provisions of the ordinances * * * as set out in plaintiffs' pleadings herewith," *held* erroneous, where plaintiffs' pleadings improperly proceeded on theory that ordinance required defendant to maintain both guard rails and red lights at time of accident.

Appeal from District Court, Taylor County.

Action by Bunk Bratton and another against R. J. Estep. Judgment for plaintiffs, and defendant appeals from order overruling motion for new trial. Reversed, and cause remanded.

Holland, Bartlett, Thornton & Chilton, of Dallas, for appellant.

Kirby, King & Overshiner, of Abilene, for appellees.

LESLIE, J. Action by Bunk Bratton and wife to recover damages for injuries suffered by plaintiff's wife, alleged to have been caused by defendant's negligence in excavating and leaving, without sufficient signals or guards, a ditch across a street of the city of Abilene, and into which ditch said wife fell and sustained serious injuries. Right to recover was based upon the allegations of negligence in general and upon violation of the city ordinance specifying the manner in which said excavation should be guarded both by day and night. Plaintiffs had a verdict, and the defendant appealed from the order overruling motion for a new trial.

Error is assigned to the submission of issues 1, 3, 8, and 9. They are as follows:

"Question No. 1: Did the defendant, R. J. Estep, comply with the provisions of the ordinances of the city of Abilene, No. 32 and section No. 6 thereof as set out in the plaintiffs' pleadings herewith? Answer 'Yes' or 'No.'"
The answer was "No."

"Question No. 3: Did the defendant place and maintain barriers and guard rails and red lights at night, the particular night when the plaintiff fell into the excavation complained about, at reasonable intervals along said ditch from property line to property line? Answer 'Yes' or 'No.'"
The answer was "No."

"Question No. 8: Was the defendant negligent, as that term is hereinafter defined to you, in maintaining and excavating the ditch across South Fourth street, in the city of Abilene, as alleged, without erecting and maintaining sufficient guard rails and signal lights and crossings for pedestrians and vehicles? Answer 'Yes' or 'No.'"
The answer was "Yes."

"Question No. 9: Were the acts and conduct of the defendant in excavating or causing to be excavated and maintaining the ditch across South Fourth street, in the manner complained of by the plaintiffs herein, the proximate cause of the injuries, if any, suffered by Mary Bratton, one of the plaintiffs herein? Answer 'Yes' or 'No.'"
The answer was "Yes."

The propositions under the assignments assailing the action of the court in the submission of special issues 8, 9, 3, and 1 will be disposed of in their order.

[1] The defendant objected to issue 8 for the reason that it was upon the weight of the evidence, prejudicial, calculated to mislead

---

⬦⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and confuse the jury, and, as submitted, assumed that the defendant failed to comply with the law, and assumed negligence. Each phase of the case covered by the issue was a controverted matter. Plaintiffs alleged that the ditch was excavated across South Fourth street, and that by city ordinance the defendant was required to keep the same guarded by day by guard rails and signals, and at night with red lighted lanterns, placed at intervals of not more than 10 feet along such excavation, and that the defendant was required to maintain suitable crossings for vehicles and pedestrians. That, independent of the ordinance, it was the duty of the defendant to place barriers and guard rails along and across the street at the place of the excavation and at night to maintain such barriers and guard rails and red lights at reasonable intervals from property line to property line, as well as to maintain suitable crossings for pedestrians along the sidewalk space and suitable crossings for vehicles in the portion of the street used for that purpose. That in these particulars the defendant failed in the discharge of his duty toward the public, and especially to the plaintiffs.

The testimony will not be set out in full, but portions thereof tended to show that no place was provided for pedestrians and vehicles to cross the ditch and only one light was to be found at the ditch, though the accident occurred at night. That no guard rails or barriers were placed upon the east side of the ditch, the one from which plaintiffs approached the same.

The defendant, by pleading and testimony, joined issue with the plaintiff in every respect. There was testimony that defendant had placed at least three signal lights along the excavation, and one witness testified, "We had seven lanterns in all, on this ditch on that night." Defendant further offered testimony that there were barriers along the east side of the excavation, as well as sewer pipes standing on end and lying down along the same. Some of the testimony seems to place one of the lights at the end of the excavation, the next about 10 feet north thereof, and the next about the same distance further north, and the injured plaintiff testified that just before she fell into the ditch she saw "a little dim light in front of her" and attempted to pass to the north of it, and her husband testified that "there was not any other lantern along the entire opening from street to street or from property line to property line." From this it may be seen that negligence upon the part of the defendant and contributory negligence upon the part of the plaintiffs constitute the sum and substance of the lawsuit.

By the form of the issue the court assumed, and so informed the jury, that the defendant maintained and excavated a ditch entirely across the street, for, "as alleged," plaintiffs' pleadings stated:

"That the defendant, in the performance of his work as above alleged, excavated and caused to be excavated across South Fourth street in the city of Abilene, midway between Cherry and Willow streets in said city, an excavation for the purpose of constructing, laying, and maintaining an addition to the sewer system of the city of Abilene. That at said point, from property line to property line, the street is about 80 feet wide, which includes that portion of the street reserved for sidewalks. That the excavation at this point so made and caused to be made by the defendant was from 6 to 8 feet deep and about 2 feet wide with perpendicular walls. That the defendant, having made said excavation, was, under the provisions of Ordinance No. 32 above referred to, required to keep such excavation guarded by day with guard rails and signals, and at night with red lighted lanterns placed at intervals of not more than 10 feet along such excavation, and under said ordinance the defendant was required to construct and maintain suitable crossings for vehicles and pedestrians."

That "regardless of such ordinance, it was the duty of the defendant to maintain barriers and guard rails along and across the street at the place where the excavation was made, and at night to maintain such barriers and guard rails and red lights at reasonable intervals from property line to property line, and to construct and maintain over the ditch suitable crossings for pedestrians along the street within the space provided for sidewalks, and a suitable crossing for vehicles in that portion of the street set apart for the use of vehicles and animals."

In this connection the plaintiffs' pleading went further and alleged that the defendant failed to comply with said ordinance and failed to exercise ordinary care generally. That by reason thereof the plaintiff, without any fault upon her part, "fell into an open sewer ditch which had theretofore been excavated by this defendant, which said sewer ditch and excavation extended across South Fourth street north and south from the alley in the block between Cherry and Willow streets," sustaining the injury complained of.

The issue further assumed that the defendant did not erect and did not maintain sufficient guard rails and signal lights on the ditch. The charge assumed either an absence of guard rails altogether, or, more likely, an insufficiency of guard rails. The same may be said of the issue in respect to signal lights, crossings for pedestrians, and crossings for vehicles. Either assumption would be erroneous and likely to mislead and confuse the jury. Especially is this true, since the city ordinance relied upon required such excavation to be "guarded by day with guard rails and signals and at night with red lighted lanterns, placed at intervals of not more than 10 feet along such excavation," and in view of the further provision of the ordinance that one making such excavation shall "construct and maintain, over the same, suitable crossings for vehicles and pedestrians."

The accident occurred at night, and the issue tells the jury that to enable the defend-

ant to relieve himself of liability for the resulting injury it was necessary and required of him to maintain at the time and place of the injury a double precaution; that is, the one required by the ordinance by day, as well as the one at night. The jury might have believed the defendant free from negligence in the manner and location of lights, but negligent in some of the other matters complained of. In any event, the jury should have been permitted to determine from the evidence whether the appellant placed lights at the ditch at intervals of 10 feet (under the terms of the ordinance), or at reasonable intervals (under the general allegations of negligence).

A trial court can find no more fertile field for inadvertent or unwarranted assumptions than to submit issues to a jury by reference to a pleading. Pleadings are generally designed to cover rather fully all issues relied upon as material, and not infrequently a litigant is entitled to prevail though his facts and testimony fall far short of the pleadings upon which the same were offered; but an issue submitted to a jury that expressly or impliedly confirms as a fact the general allegations of a pleading—those supported by evidence and those supported by none—is clearly upon the weight of the evidence, calculated to confuse and mislead the jury, and manifestly assumes matters of fact properly making up the issues that should be submitted to the jury in a manner wholly disentangled from each other.

In the case of Egan v. Egan (Tex. Civ. App.) 235 S. W. 659, the trial judge submitted to the jury the following issue:

"Do you find from the evidence in this case that the conduct of the defendant towards the plaintiff, as alleged in the plaintiff's petition is of such a nature as to render their further living together insupportable?" Answer "Yes."

The defendant had entered a general denial to the allegations of plaintiff's petition. The court, upon consideration of the error assigned, said:

"Clearly that charge was erroneous because it impliedly assumed that the charges of cruelty embodied in plaintiff's petition had been proved, and for that error the judgment of the trial court is reversed and the cause remanded."

The defendant's assignments relating to issue 8 are well taken and are sustained upon the following authorities: Egan v. Egan (Tex. Civ. App.) 235 S. W. 659; Pullman Co. v. Hays et ux. (Tex. Civ. App.) 257 S. W. 686; Birch Tree State Bank v. Dowler, 163 Mo. App. 65, 145 S. W. 843; Harrell et ux. v. St. Louis & S. W. Ry. Co. (Tex. Com. App.) 222 S. W. 221; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354; Henson v. Warren et ux. (Tex. Civ. App.) 274 S. W. 185; Turner et al. v. Dinwiddle (Tex. Civ. App.) 276 S. W. 444; 38 Cyc. 1608, § 3; Missouri Pacific

Ry. Co. v. Christman, 65 Tex. 369; Eastern Texas Electric Co. v. Byrd (Tex. Civ. App.) 252 S. W. 870; article 2185, N. 190 and N. 247, Vernon's Annotated Statutes.

[2] It is complained of issue 9 that it was upon the weight of the evidence assumed that the defendant was excavating or causing to be excavated and maintained the ditch in question, and that he was excavating, or causing it to be excavated and maintained in the manner complained of by the plaintiff. The full import of the objection can be gathered only by reference to the plaintiff's pleading to ascertain what significance should be given to the phrase, "in the manner complained of by the plaintiff herein." These pleadings, while appropriate as such, yet when referred to as a guide to the jury under the circumstances, clearly informed it that appellant caused to be excavated and maintained the ditch across the street in the manner described in plaintiffs' petition, a portion of which has heretofore been quoted, and the jury could not have failed to be impressed with the idea that the court believed the pleading correctly stated the facts as to guards, light signals, and the manner and extent of the excavation. Under the conflicting testimony, the charge was not free from prejudicial suggestions bearing upon the issue of negligence and falls under the condemnation of the principles of law set out in the authorities cited in discussion of the assignment directed to the court's action in giving issue No. 8. In different respects this issue contains the same vice to be found in that issue.

While appellant's failure to use red lights would, as stated, establish plaintiff's case as to a violation of the ordinance relied on, yet it would not of itself satisfy the burden resting upon the plaintiff to show that such failure to use red lights was the proximate cause of the injury. Appellant under any view showed three lights on this ditch at intervals of 10 feet. Appellee, as shown by her quoted testimony, claimed there was only one, and that she realized it meant danger and, in attempting to avoid it, fell into the ditch. Appellant's evidence indicated that there was a light in close proximity to the place where appellee was injured and she disregarded the warning which she admitted the lights gave to her.

In this state of the record, special issue No. 9 was submitted, which authorized the jury to find the proximate cause of the injury a number of matters which were pleaded but not supported by proof, and this was, we think, a violation of the well-known rule that it is error to submit to the jury issues upon which there is no testimony. Lancaster v. Bradford (Tex. Civ. App.) 279 S. W. 607. And in addition, this probably rendered issue No. 9 subject to the objection that it was on the weight of the testimony. Weatherford, etc., Co. v. Pope (Tex. Civ. App.) 132 S. W. 503.

[3] Error is assigned to the action of the trial court in giving issue 3:

(1) Because not warranted either by the law as pleaded by the plaintiff, nor by the evidence in the case.

(2) The law pleaded by the plaintiff does not require the guard rails or barriers by night, but only during the day.

(3) That the same is upon the weight of the evidence and not raised by the evidence, is prejudicial and calculated to confuse and mislead the jury.

(4) That the issue is duplicitous and multifarious for the reason that it submits two issues.

As stated, the ordinance provided that such an excavation should be guarded by day with guard rails and signals and at night with red lighted lanterns placed at intervals of not more than 10 feet along such excavation and maintained; and under plaintiffs' general allegations of negligence it was alleged to be the duty of the defendant to place and maintain barriers and guard rails along and across the street at the place where the excavation was made and at night to maintain such barriers and guard rails and red lights at reasonable intervals from property line to property line, and to construct and maintain over the ditch suitable crossings for pedestrians and vehicles, etc.

If the plaintiffs were relying on the provisions of the ordinance, defendant was well within his rights in contending that he had met his obligation to the plaintiff and the public by maintaining red lighted lanterns placed at intervals of not more than 10 feet along such excavation, if he did. Under the ordinance, that, at most, was appellant's duty at the time and place of the injury which is conceded to have occurred at night. Under plaintiffs' allegations of negligence generally, considered apart from the ordinance, it would have been proper to submit to the jury issues calling for a finding as to whether the defendant maintained barriers and guard rails and signal lights at reasonable intervals along the excavation, but the question propounded to the jury confused the issue arising under the provisions of the ordinance with the issue arising under the general allegations of negligence. Also the issue as to the defendant's maintaining barriers, guard rails, and red lights is blended with the issues of whether such precautionary measures were located at reasonable intervals from property line to property line, as alleged in appellee's pleadings. The evidence on each of these questions conflicting, except as to the color of the lights, the issue is subject to the criticism urged against it. It was duplicitous and upon the weight of the evidence. Rev. St. 1925, art. 2189; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354; Lancaster v. Rogers (Tex. Civ. App.) 258 S. W. 283, and authorities heretofore cited.

As contended by the defendant, the jury could have answered the issue "No," as it did, and yet have believed that the appellant had placed sufficient lights along the ditch. Especially would this be true since all the evidence showed that the lights placed and found at the excavation were white lights, and the defendant did not contend that he placed red lights on the ditch or any character of lights whatever from property line to property line.

While the color of the lights would be a material circumstance tending to show the defendant guilty of negligence per se, yet it would still be necessary under such state of facts to establish the casual relationship between such act and the injury to render the defendant liable in that such violation of the ordinance must be the proximate cause of the injury. 29 Cyc. 439; Texas & P. Ry. Co. v. Brown, 11 Tex. Civ. App. 503, 33 S. W. 146.

Likewise, it is believed that in the use of the white light instead of a red one, some materiality of the difference would have to be presented by pleading and proof, and that the presence of the white when the red was required proximately contributed to the injury. As the matter appears in this record, the color of the light became an immaterial matter since the injured party, Mary Bratton, testified she saw a light in front of her just before she fell into the ditch, and further stated, "When I saw it, I knew there was some danger there."

[4] Error is assigned to the submission by the court of issue No. 1 upon the ground that it submitted to the jury a question of law. In said issue the court asked the jury if the defendant complied with the provisions of the ordinance of the city of Abilene No. 32, section No. 2, as set out in plaintiffs' pleadings. That provision of the ordinance has been set out in this opinion. By the manner in which the issue was submitted, the trial court evidently construed the ordinance to require that the defendant guard the excavation at night with both barriers and red lights. This was objected to by appellant as being too general, prejudicial, and upon the weight of the evidence and as submitting a question of law.

With the indicated construction of the ordinance we do not agree as hereinbefore stated, and the issue, in effect, submitted to the jury a question of law. This, we think, was error. City of San Antonio v. San Antonio Academy (Tex. Civ. App.) 259 S. W. 995; McCulloh v. Reynolds Mortgage Co. (Tex. Civ. App.) 196 S. W. 565; Ryan v. Jackson, 11 Tex. 391.

All other assignments have been considered and, being deemed without merit, are overruled. For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.