### CITY OF NACOGDOCHES v. WISE et ux.
### (No. 1593.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 8, 1927.

1. Trial ⬳352(1, 5)—Special issue of negligence in not properly clearing limbs of trees over electric wires held erroneous as on weight of evidence and assuming disputed facts.

In action against city for death by contact with electric wire knocked across sidewalk by limb broken from tree during storm, special issue, "Was the defendant guilty of negligence * * * in failing to properly clear and keep open the limbs of dead trees over its line?" held erroneous as on weight of evidence and assuming facts as to which evidence was conflicting.

2. Trial ⬳352(5)—Special issue of negligence in not properly clearing limbs of trees over electric wires held duplicitous.

In action against city for death by contact with electric wire, knocked across sidewalk by limb broken from tree during storm, special issue as to whether defendant was negligent in failing to properly clear and keep open limbs of dead trees over its line held duplicitous as submitting both questions whether there were limbs of such trees over line and whether defendant failed to properly clear and keep them open.

3. Trial ⬳352(1)—Special issue whether deceased was contributorily negligent and refusal of issues as to specific acts of negligence held erroneous.

In action against city for death of 17 year old boy by contact with electric wire across sidewalk, court erred in submitting special issue whether deceased was contributorily negligent and refusing to submit special issues as to whether he caught hold of wire with his hand, whether ordinarily prudent person would have done so, and whether such act was proximate cause of death; issue submitted being in nature of general charge not calling for findings of specific acts of negligence in evidence.

4. Trial ⬳365(1)—In trial on special issues, contributory negligence is legal conclusion for court from facts found by jury.

In trial on special issues, whether party is guilty of contributory negligence is a conclusion of law, to be found by court from facts found by jury.

5. Trial ⬳134—It is for jury to find facts and for court to determine legal effect thereof in rendering judgment.

It is the province of the jury to find the facts and for the court to determine the legal effect of facts so found in rendering judgment.

6. Trial ⬳352(5)—Each group of facts, raising issue of contributory negligence, should be separately and distinctly submitted on issues of negligence and proximate cause.

When one or more groups of facts raising issue of contributory negligence are offered in evidence, each group should be separately and distinctly submitted both on issues of negligence and proximate cause.

7. Death ⬳104(5)—Charge on damages for minor son's death held erroneous as authorizing estimate of earnings and contributions without relation to present value.

In action for death of plaintiffs' 17 year old son, special issue instructing jury to find whatever sum deceased would have earned until he became 21, less reasonable cost of his maintenance and support until then, and such sums as he would likely voluntarily have contributed to plaintiffs' support thereafter for rest of his life, held erroneous as authorizing estimate without relation to present cash value of such money and services, though first line of issue instructed them to limit finding to what sum of money, "if paid now," would be adequate compensation for plaintiffs' pecuniary loss.

8. Trial ⬳194(20)—Charge that plaintiffs "were entitled to recover" earnings and contributions of their deceased minor son held erroneous as on weight of evidence.

In parents' action for death of their minor son, charge that plaintiffs "were entitled to recover" deceased's earnings, contributions, etc., held erroneous as on weight of evidence; plaintiffs' right to recover being issue in case.

Appeal from District Court, Nacogdoches County; C. A. Hodges, Judge.

Action by W. A. Wise and wife against the City of Nacogdoches. Judgment for plain-

---

tiffs, and defendant appeals. Reversed and remanded.

King & Wood, of Houston, and J. J. Greve, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellees.

WALKER, J. In the trial court appellees, W. A. Wise and his wife, Nora, recovered a judgment against appellant in the sum of $10,400, for the death of their minor son, Ivy Wise. Appellant, a municipal corporation, on October 23, 1926, owned and operated within its corporate limits an electric light plant, by means of which it furnished electric current to its citizens and other members of the public. To carry the current to its customers it erected and maintained poles along its streets upon which it strung electric wires. On or about the date mentioned, immediately following a furious rain and wind storm, one of its electric wires was found hanging across one of its sidewalks, knocked there by a limb which had been broken from a nearby tree. Appellees' son and a young companion walking on the sidewalk came in contact with this wire and were killed. While many grounds of negligence were alleged by plaintiffs, only the following questions on the issue of negligence were submitted, and answered as indicated:

"Special Issue No. 1. Was the defendant guilty of 'negligence,' as that word has hereinbefore been defined to you, in failing to properly clear and keep open the limbs of dead trees over its line? You will answer this 'Yes' or 'No,' as you find the facts to be." Answer: "Yes."

"Special Issue No. 2. Was the failure of the defendant to properly clear and keep open the limbs of the dead trees from over its line the proximate cause of the injury to the deceased? You will answer this 'Yes' or 'No,' as you find the facts to be." Answer: "Yes."

The evidence on issue No. 1 was sharply conflicting. There was evidence to the effect that the limb in question was blown from a tree over its line. There was also credible testimony that the limb was blown some distance and came from a tree on the property of a Mr. Mast and did not overhang appellant's wire.

[1] Appellant duly excepted to the submission of this issue on the following grounds:

(a) It was on the weight of the evidence. This exception is sustained. This issue was on the weight of the evidence and affirmatively assumed that the limb in question came from a tree overhanging its line, and that appellee failed "to properly clear and keep open limbs of dead trees over its line." Eastern Texas Electric Co. v. Byrd (Tex. Civ. App.) 252 S. W. 870.

[2] (b) It was duplicitous, "in that it submitted two questions in one, first, whether there were limbs of dead trees over its line, and, second, that defendant failed to properly clear and keep open such limbs." This proposition must also be sustained. The question was duplicitous, in violation of the rules prescribed by statute for the submission of special issues. Interstate Casualty Co. of Birmingham v. Hogan (Tex. Civ. App.) 232 S. W. 354; Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; Eastern Texas Electric Co. v. Smith (Tex. Civ. App.) 298 S. W. 314.

[3] Appellant pleaded the issue of contributory negligence. The evidence was that deceased was an intelligent young man 17 years old, and that his death was caused by seizing an electric wire with his hands. This issue was submitted by the following question, answered as indicated:

"Special Issue No. 3. Was the deceased, Ivy Wise, guilty of contributory negligence as hereinbefore defined to you? You will answer this 'Yes' or 'No,' as you may find the facts to be." Answer: "No."

Appellant excepted to this submission on the ground that it was "in the nature of a general charge, and submits the question of contributory negligence in general terms instead of calling for a finding by the jury of specific acts of negligence on part of the deceased as raised by the evidence, etc." In connection with its exception appellant requested the submission of the following issues:

"Special Issue No. 1. Did Ivy Wise, on the occasion in question, catch hold of the wire with his hand? You will answer this issue 'Yes' or 'No,' as you may find the facts to be.

"If you have answered the above issue, 'Yes,' and only in that event, then you will answer:

"Special Issue No. 2. Would an ordinarily prudent person, under the same or similar circumstances, have caught the wire with his hand? You will answer this question 'Yes' or 'No,' as you may find the facts to be.

"If you have answered the above issue, 'No,' and only in that event, then you will answer:

"Special Issue No. 3. Was catching hold of the wire by Ivy Wise with his hand a 'proximate cause,' as that term is in the main charge of the court defined, of his death? You will answer this issue 'Yes' or 'No,' as you may find the facts to be."

[4-6] The trial court erred in submitting issue No. 3 and in refusing to submit appellant's special issues. On a trial on special issues, whether a party is guilty of contributory negligence is a conclusion of law to be found by the court from the facts in the case. It is the province of the jury to find the facts and for the court in rendering its judgment to determine the legal effect of the facts found. On a plea of contributory negligence, when one or more groups of facts are offered in evidence raising that issue, each group of facts should be separately and distinctly submitted, both on the issue of negligence and of proximate cause. When such answers are returned, it is for the trial court in entering

its judgment to determine their legal effect. This is the holding of the Supreme Court in Fox v. Dallas Hotel Co., supra, and the proposition therein laid down has not been since questioned.

[7] Special issue No. 4 was as follows, answered as indicated:

"What sum of money, if paid now in hand, will be proper and adequate compensation to the plaintiffs for the pecuniary loss, if any, which you may believe, from the evidence, they have sustained by reason of the death of the said Ivy Wise, based upon their reasonable expectation of pecuniary benefits, if any, from the continuance of Ivy Wise's life, had he lived? You will answer this, if any, by stating the amount in dollars and cents.

"In passing upon the above special issue, you are charged that you can take into consideration the following:

"By 'pecuniary benefits' is meant, not only money, but everything that can be reasonably estimated in money, and may include labor, services, kindness, and attention of a child to its parents.

"In assessing plaintiffs' damages, if any, you may be guided by the following instructions:

"Plaintiffs are entitled to the services of their minor child, Ivy Wise, during his minority, and to recover whatever sum, if any, Ivy Wise, had he lived, would have earned from the time of his death until he became 21 years of age, less the reasonable cost of his maintenance and support during and to the time he reached 21 years of age.

"Plaintiffs are further entitled to recover such sums of money, if any, as Ivy Wise would have likely voluntarily contributed to the support of his parents, if any, from the time he reached 21 years of age during the remainder of their lives.

"And in estimating such sum, if any, you may take into consideration the probable duration of Ivy Wise's life, together with the age and probable duration of the lives of plaintiffs.

"In this connection, however, you are charged that you will not take into consideration nor allow anything to plaintiffs by way of compensation on account of sorrow, mental distress, or for the loss of society or companionship."

Under appellant's propositions this issue was error in the following respects:

(a) While in the first line of the issue the jury was instructed to limit its finding to "what sum of money if paid now," that instruction, if not subsequently withdrawn, in this same issue was made uncertain in its application to the facts, in that the jury was specially instructed to find "whatever sum, if any, Ivy Wise, had he lived, would have earned from the time of his death until he became 21 years of age, less the reasonable cost of his maintenance and support during and to the time he reached 21 years of age" and, further, "such sums of money, if any, as Ivy Wise would have likely voluntarily contributed to the support of his parents, if any, from the time he reached 21 years of age during the remainder of their lives." By these charges the jury was not required to

find the present value of such money and services, but, on the contrary, was authorized to make the estimate without relation to its present cash value.

[8] Again, it was error to tell the jury, as was done by this charge, that the plaintiffs "were entitled to recover" the earnings of their minor son and contributions from him, etc. Plaintiffs' right "to recover" was the issue in the case, and the court was without authority on the facts of this case to instruct the jury that plaintiffs were entitled "to recover." In this respect the court's charge was on the weight of the evidence.

The judgment in this case was in appellees' favor for the sum of $10,400. Appellant challenges this judgment as being excessive. Without entering into a discussion of that proposition, as the case is being reversed, and in view of another trial, we would call the trial court's special attention to Chicago, R. I. & G. R. Co. v. Dickerson (Tex. Civ. App.) 272 S. W. 543, wherein the facts are almost on all fours with the facts in this case on that issue. The principle of law therein announced should govern the trial court should this assignment be presented to it upon another trial.

In view of what we have said, it becomes unnecessary to discuss appellant's motion for a continuance and the misconduct of the jury and its assignments and propositions based thereon.

For the errors indicated, the judgment is reversed and the cause remanded.