## CITY OF ABILENE v. MOORE. (No. 512.)*

Court of Civil Appeals of Texas. Eastland.
Dec. 7, 1928.

Rehearing Denied Jan. 11, 1929.

H. L. De Busk, of Abilene, for appellant.

Stinson, Hair, Brooks & Duke, of Abilene, for appellee.

HICKMAN, C. J. The appeal is from a judgment for $550 in favor of appellee against appellant on account of personal injuries resulting from falling into a ditch. Such portions of the pleadings and evidence as throw light on the different questions decided will be set out in connection with the discussion of the several questions.

It is claimed that appellee's petition was subject to a general demurrer. The contention seems to be that the petition was insufficient to state facts constituting negligence on the part of appellant, a municipal corporation. The petition alleged no violation of any ordinance or statute, but predicated liability on common-law negligence based upon the alleged act of the city in leaving open and exposed, without warning lights, a ditch dug by the city in front of the premises of appellee's father. It alleged that appellee fell into this ditch on a dark night, without any knowledge of its existence, and at a place where there were no lights to warn her of the danger.

We think this petition was good as against a general demurrer. City of Galveston v. Posnainsky, 62 Tex. 118, 50 Am. Rep. 517; Green v. City of Amarillo (Tex. Civ. App.) 244 S. W. 241; City of Uvalde v. Stovall (Tex. Civ. App.) 279 S. W. 889.

We cannot agree with the contention that the petition should have alleged the ditch to be at a place where pedestrians customarily walked. The ditch ran near to and parallel with the sidewalk in front of the home where appellee lived, and liability of the city for the injuries would exist if it were negligent in leaving such a ditch open and exposed, without sufficient warning lights, even though it did not cross places where pedestrians customarily walked. City of Dallas v. Webb, 22 Tex. Civ. App. 48, 54 S. W. 398 (error refused).

It is insisted that the facts in this case established contributory negligence on the part of appellee as a matter of law. This contention is overruled. The facts disclose that the young lady came home after night; that it was very dark; that heavy rains had been falling, leaving the ground very muddy; that she intended to drive her car past the end of the sidewalk on the north line of the street, but failed to drive it far enough to pass the sidewalk; that she got out of her car and came around it, intending to step on the sidewalk, which she thought was at the rear of her car, but instead stepped into the ditch and received her injuries. She testified that she did not know the ditch was there; that she had been away from home all day, engaged in her employment at the office of a wholesale grocery. This evidence and the other evidence offered presented an issue of fact as to whether she was guilty of contributory negligence, but certainly does not establish contributory negligence as a matter of law.

Another assignment complains of the manner in which the trial court submitted an issue on contributory negligence. The issue was: "If in answering the foregoing special issues you have found that the ditch was open and exposed at the time and place plaintiff was injured (if she was injured), then did plaintiff know of the condition of the ditch at said time and place?"

The record discloses that appellant objected to the manner of the submission of this issue and tendered the following issue prepared by it submitting the question: "Did the plaintiff know or could she, by the use of ordinary care, have known of the existence of said ditch at the place where the injury, if any, occurred?"

The court gave in charge to the jury, not only the issue contained in the main charge, but also the issue requested by appellant. Both of these issues were answered against appellant. The giving of appellant's requested issue cured the error, if any, in the court's issue, since such error, if any, was merely one of omission.

The first special issue contained in the court's charge reads as follows: "At the time and place plaintiff was injured (if she was injured), was the ditch open and exposed without sufficient lights to warn the plaintiff of the location of the ditch?"

Various objections and exceptions were made by appellant to the submission of this issue, the only exception insisted upon in this court being that said question was erroneous in that it submitted more than one issue in a single question.

The contention is that it was one issue of fact as to whether the ditch was open and exposed, and another issue of fact as to whether there were sufficient lights present to warn appellee of the location of the ditch. We have made a careful study of the evidence to determine whether it presents the two contested issues of fact suggested by appellant. Appellant offered but two witnesses upon the trial of the case, and we have carefully read their testimony with a view of determining whether they disputed the issue of whether the ditch was open and exposed at the place where appellee alleged she fell into it. No map or plat accompanies the record, and it has been somewhat difficult to determine definitely just where the accident occurred; but we have concluded that both of the witnesses offered by appellant testified that there was an open and exposed ditch at the

place where appellee claims to have been injured. Appellee and her witnesses testified to the same fact. There was an issue of fact as to whether lanterns were placed near the ditch to warn persons of the danger, and by the jury's answer to special issue No. 1, above copied, that issue of fact was resolved in favor of appellee's contention. We have had occasion to hold in two cases that an issue was multifarious. See Estep v. Bratton (Tex. Civ. App.) 298 S. W. 145; Wichita Valley Ry. Co. v. Williams (Tex. Civ. App.) 6 S.W. (2d) 439.

Appellant relies strongly on the case of City of Nacogdoches v. Wise (Tex. Civ. App.) 300 S. W. 949. We have reviewed these authorities, and in the light thereof, and of the authorities therein cited, we have concluded that the special issue complained of in this case is not duplicitous. As above pointed out, there was only one real issue of fact submitted; namely, whether or not warning lights were present. Besides, it is the duty of the trial court, in framing an issue of negligence, to include in that issue every essential fact necessary to constitute negligence. Where the combination of two facts is necessary to constitute negligence, and neither one of the facts stated alone would do so, it would not be required of the trial court that he single out each evidentiary fact and then group them himself after the jury had returned its answer. But where two facts must concur in order to constitute negligence, those facts should be grouped in order to have a finding on the ultimate issue, which is the negligence of the party. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517. In this case the city would not have been guilty of negligence in leaving the ditch open and exposed, provided warning lights had been placed at the exposed portions. Neither would it have been guilty of negligence in failing to place warning lights at a place where there was no open and exposed ditch. The combination of these two facts is required to make out a case of negligence, and it is our opinion that the trial court did not err in so combining them.

■ It is urged in the brief that the issue assumed facts and was on the weight of the evidence. The record does not disclose that this objection was offered in appellant's criticism of the court's charge, and for that reason it cannot be considered on appeal.

■ It is contended that the verdict of the jury is so against the great weight and overwhelming preponderance of the evidence as that this court is authorized, and is in duty bound, to reverse the judgment rendered thereon. That we have that authority and are under that duty in a proper case is well established, but we regard the evidence as sufficient to support the findings in this case, and, to reverse this judgment on this ground, we would be compelled to hold that appellee's witnesses were not credible. They clearly testified to sufficient facts to support each and every finding, and it is not within our province to pass upon their credibility. In this instance there is nothing in the record suggesting to our minds that the witnesses were not, in fact, credible. We have carefully studied this record, and are of the opinion that the answers of the jury to the issues submitted have sufficient support in the testimony, and that no error has been pointed out to the charge of the court.

The judgment of the trial court will accordingly be affirmed.

### On Motion for Rehearing.

It is insisted by appellant, in its motion for rehearing, that our holding in the original opinion that special issue No. 1 did not submit two separate and distinct issues is in conflict with our holding in Estep v. Bratton (Tex. Civ. App.) 298 S. W. 145. A reading of the issues considered in the two cases, without considering the facts, pleadings, and acts of negligence relied upon in each, would justify the conclusion that they are subject to the same criticisms and contain the same vices. However, we think the conflict does not exist when the cases are analyzed. In the Estep Case two separate grounds of negligence were submitted in a single issue and there was conflicting evidence as to each, while in the instant case the entire group of facts submitted in the issue must concur to constitute one act of negligence, and, as noted, there was no fact issue made by the evidence, except as to the question of whether the exposed ditch was lighted.

We have considered the motion for rehearing; but, believing that a proper disposition of this case was made in our original opinion, the motion is overruled.