## CLAY DRILLING CO. v. FURMAN.

No. 14228.

Court of Civil Appeals of Texas.
Fort Worth.
April 25, 1941.

Touchstone, Wight, Gormley & Touchstone, of Dallas, for appellant.

George W. Polk, of Fort Worth, for appellee.

BROWN, Justice.

Appellee, Dr. John M. Furman, sued Herschbach Drilling Company (now known as Clay Drilling Company of Texas), a private corporation, alleging that one East, an employee of such Company, was very seriously injured while engaged in the performance of his duties in connection with the drilling of an oil well and was carried to a hospital in the town of Hobbs, New Mexico; that one Albert Gackle, an employee of the defendant corporation, with express authority to do so, telephoned plaintiff and told him to take an airplane and come to Hobbs, and render such medical and surgical services for East as the doctor should deem necessary, and that the defendant would pay for such services and the necessary expenses (including the transportation charges); that plaintiff complied with the request, rendered the services, demanded his fees and expenses and that the defendant had only paid the transportation charges, but refused to pay any other charges.

Defendant having denied liability, the cause was tried to a jury on special issues.

We will copy several of the issues and answers and merely refer to the findings as to others, in the interest of brevity.

"Issue 1. Do you find from a preponderance of the evidence that on or about the 8th day of April, 1939, Albert Gackle in a telephone conversation with the plaintiff Dr. John M. Furman represented to said doctor that C. A. East had been injured and was in a hospital at Hobbs, New Mexico, and that he, Gackle, requested said Dr. John M. Furman to come to Hobbs immediately and perform any and all medical services in behalf of said East, which the said Dr. Furman deemed and considered necessary, and that if said Dr. Furman would do so that defendant Herschbach Drilling Company would pay him for such services, and for all necessary expenses incurred in the performance of such services?" The answer is "Yes."

"Issue 2. If you have answered Question No. 1 'yes' and only in that event, then answer this question: Do you find that the plaintiff Dr. John M. Furman went to Hobbs, New Mexico, on the occasion in question and rendered such services as he did render to said C. A. East, solely by reason of the representations made by Albert Gackle, inquired about in question No. 1, if you have found that he did make such representations, and but for which said representations said Dr. John M. Furman would not have gone to Hobbs, and would not have rendered whatever services you may find he did render?" The answer is "Yes."

In answer to special issues 3 and 4, the amounts of sums found are set forth.

To special issue '5 the jury found that Gackle had actual authority from the said corporation to employ the plaintiff to perform the services and to incur the expenses found.

To issue 6 the jury found that Gackle had the implied authority to so act.

On this verdict judgment was rendered for Dr. Furman and the defendant has appealed.

Assignments of error directed at the overruling of the defendant's objections to special issues 1 and 2 are presented.

The objection to issue 1 is, "that the same is confusing and misleading, is duplicitous, consists of a series of questions, which will necessarily confuse and mislead the jury."

■ We take it that the objection is sufficient to point out the fact that this issue is duplicitous and contains several questions in one issue.

The point appears well taken.

Admit that all of the issues of fact are without dispute down to the words "requested said doctor * * * to come to Hobbs immediately" (and including such words), it remains that two other necessary and contested issues of fact are included in this issue which requires one answer of "yes" or "no". The first is, did Gackle request the plaintiff to perform any and all medical services in behalf of the injured employee, which the doctor deemed necessary, and the second is, did Gackle represent to or promise the doctor that if he would comply with the request, the defendant corporation would pay him for such services and all necessary expenses incurred in so doing.

■ We do not believe that the discussion of the grouping of such facts into one issue, as is disclosed by the opinion of Judge Hickman, speaking for the Eastland Court of Civil Appeals, in the case of City of Abilene v. Moore, 12 S.W.2d 604, writ refused, is authority for the contention that these issues before us were properly grouped into one question. Vol. 41 Tex. Jur. para. 274, pages 1100–1103, states the rule in Texas: "Submission of a duplicitous or multifarious issue—that is an issue presenting two or more controverted ultimate fact issues, one of which might be answered 'yes' and the other 'no'—is erroneous, at least where a timely objection is interposed."

The text cites many cases, including McKenzie Construction Co. et al. v. Chanowsky et al. 86 S.W.2d 480, writ refused, opinion by this court.

■ We do not believe that issue 2 should have been given in the form shown.

If the jury finds that Dr. Furman went to Hobbs and rendered his services as a physician solely because of the statements made to him by Gackle, it is wholly unnecessary to have the jury find that "but for which said representations said doctor John M. Furman would not have gone to Hobbs, and would not have rendered whatever services" the jury may find he did render.

To say the least, incorporating these facts into the one issue was simply reiterating what was theretofore incorporated into the same issue. The objections to this issue do not specifically point out the error of undue emphasis of the controverted facts, but we think it wise to here call attention to the vice in issue No. 2, in view of another trial.

■ We are not impressed with the contention that because the defendant carried workmen's compensation insurance, the plaintiff cannot recover for services rendered at the special instance and request of the defendant.

We believe that an employer has such an interest in his employees that he may bind himself to furnish additional medical and surgical services for his employees other than those limited by the Workmen's Compensation Laws, Vernon's Ann.Civ.St. art. 8306 et seq.

■ It will be observed that the trial court submitted and the jury found, by two separate issues, that Gackle had both express and implied authority to employ the plaintiff.

We do not believe that the plaintiff's petition is sufficient to raise the issue of implied authority. He seems to have rested his case upon actual authority.

Neither do we believe that plaintiff's petition is sufficient to raise the issue of an implied promise to pay the plaintiff for the services rendered.

■ Our view of this suit is such that we believe a cause of action may be shown, if it be found that Gackle requested the plaintiff to go to the bedside of the injured employee, and that this is true, regardless of whether Gackle had express or implied authority to make the request, and also regardless of whether or not there was an express or an implied promise to pay.

But the pleadings must affirmatively present such issues. This has not been done.

For the reasons given, the judgment is reversed and the cause is remanded.