### AMERICAN NAT. INS. CO. v. PORTER.
### No. 2125.

Court of Civil Appeals of Texas. Beaumont.
Oct. 30, 1931.

Rehearing Denied Nov. 4, 1931.

Conley, Renfro & Keen, of Beaumont, for plaintiff in error.

D. E. O'Fiel and W. R. Blain, both of Beaumont, for defendant in error.

WALKER, J.

This appeal was by writ of error, but the parties will be referred to as appellant and appellee. This suit was filed in county court at law of Jefferson county, by appellee against appellant, upon a policy issued by appellant to Lena Adams on the 26th day of March, 1927, for the principal sum of $230, but with a provision that liability should be limited to $115 if the insured died within six months from date of the issuance of the policy. The prayer was also for interest, 12 per cent. damages, and $200 attorneys' fees. The insured died on the 4th day of May, 1928.

Appellant answered by demurrers, general denial, and by special pleas, as follows: (a) The policy was a nonmedical policy, and as a condition of its issuance Lena Adams warranted that she was in good health, when in fact she was in bad health. (b) After the death of Lena Adams, with knowledge that the policy was unenforceable because of the facts just stated, appellee canceled and surrendered the policy and the receipt book to appellant, whereupon appellant paid appellee the full amount of all premiums paid by Lena Adams, and she executed and delivered to appellant a written release against the policy.

By supplemental petition, appellee answered these special pleas as follows: (a) Lena Adams was in good health when the policy was delivered. (b) Appellee was induced to execute the release by the fraud of appellant's agents, in that they presented to her for her signature a release against the policy, promising to pay all the amount due thereon, and in the belief that she was to be paid in full for the policy she executed and delivered the release to appellant's agents, but, after she had thus executed and delivered the same to appellant's agents, they paid her only $2.25. The trial was to a jury, who found all issues in appellee's favor, and upon this verdict judgment was entered for appellee.

### Opinion.

Issue No. 2 was as follows: "Do you find from the evidence that the agents and representatives of the defendant Company procured the plaintiff, Victoria Porter to sign the said release and then tendered her the $2.25, and explained the same to her? Answer 'yes' or 'no' as you find the facts to be." This question the jury answered "Yes."

Issue No. 3 was as follows: "If you have answered the preceding interrogatory by saying 'yes' then do you find from the evidence or do you find it as a fact, or do you believe from the evidence that had the said Victoria Porter known of the nature and contents of said release that she would have signed the same, knowing that she was releasing her entire claim on said policy? Answer yes or no as you find the facts to be." To this question the jury answered "No."

Appellant excepted to this question upon the ground that it was multifarious, in that it submitted to the jury the following issues:

"(a) Did the said Victoria Porter know of the nature and contents of the release?

"(b) Would she have signed it if she had known the same?

"(c) Did she know that she was releasing her entire claim under said policy?

"(d) If she had known she was releasing her entire claim, would she have signed the release."

We think this exception well taken. Interstate Cas. Co. v. Hogan (Tex. Civ. App.) 232 S. W. 354.

No error was committed in submitting the issues of fraud against appellant's agents in securing the release nor in refusing the issues requested by appellant on the issue of fraud.

For the error in the court's charge, the judgment of the lower court is reversed, and the cause remanded for a new trial.

Reversed and remanded.